UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- x

IN RE THE BEAR STEARNS COMPANIES,    :
INC. SECURITIES, DERIVATIVE, AND ERISA    :   Master File No.:
LITIGATION    :   <u>08 M.D.L. No. 1963 (RWS)</u>
   :
This Document Relates To:    :   ECF Case
   :
     Securities Action, 08 Civ. 2793 (RWS)    :
   :
--------------------------------------------------------------- x

BRUCE S. SHERMAN,    :
   :   Index No.:
             Plaintiff,    :   <u>09 Civ. 8161 (RWS)</u>
   :
     v.    :   **JURY TRIAL DEMANDED**
   :
BEAR STEARNS COMPANIES INC., JAMES    :
CAYNE, WARREN SPECTOR and DELOITTE &    :
TOUCHE LLP,    :
   :
             Defendants.    :
   :
--------------------------------------------------------------- x

## THE BEAR STEARNS COMPANIES INC. ANSWER AND
## <u>ADDITIONAL DEFENSES TO THE SHERMAN COMPLAINT</u>

Defendant The Bear Stearns Companies Inc., by its attorneys Paul, Weiss,

Rifkind, Wharton & Garrison LLP, for its Answer to the Complaint filed by plaintiff Bruce S.

Sherman dated September 24, 2009 (the "Sherman Complaint") states as follows:

The introductory paragraph and headings in the Sherman Complaint are not

allegations and therefore do not require a response.

1.     Denies the allegations set forth in Paragraph 1, except denies knowledge or
information sufficient to form a belief as to the truth of the allegations set forth in the
second sentence of Paragraph 1.

2.     Denies the allegations set forth in Paragraph 2, except denies knowledge or
information sufficient to form a belief as to the truth of the allegations set forth in the
first sentence of Paragraph 2.

3. Denies the allegations set forth in Paragraph 3.

4. Denies the allegations set forth in Paragraph 4.

5. Denies the allegations set forth in Paragraph 5.

6. Denies the allegations set forth in Paragraph 6.

7. Denies the allegations set forth in Paragraph 7.

8. Denies the allegations set forth in Paragraph 8.

9. Denies the allegations set forth in Paragraph 9.

10. Denies the allegations set forth in Paragraph 10.

11. Denies the allegations set forth in Paragraph 11, except admits that on March 16, 2008 JPMorgan Chase & Co. ("JPMorgan") announced that it was acquiring The Bear Stearns Companies Inc. ("Bear Stearns" or the "Firm") in a stock-for-stock exchange and that the transaction would have a value of approximately $2 per share; admits that on March 24, 2008, Bear Stearns and JPMorgan entered into an amendment to the March 16, 2008 agreement and plan of merger, pursuant to which Bear Stearns shareholders would receive an implied value of approximately $10.02 per share; and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the fourth sentence of Paragraph 11.

12. Denies the allegations set forth in Paragraph 12.

13. Denies the allegations set forth in Paragraph 13.

14. Avers that the allegations set forth in Paragraph 14 consist of legal conclusions to which no response is required; to the extent a response is required, denies the allegations, except admits that the Sherman Complaint purports to assert claims over which this Court has jurisdiction, and admits that the Sherman Complaint purports to assert claims under Sections 10(b), 18(a), and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, and the common law of the State of New York, but denies that plaintiff has sufficiently pleaded claims under any of these provisions.

15. Avers that the allegations set forth in Paragraph 15 consist of legal conclusions to which no response is required; to the extent a response is required, denies the allegations, except admits that Bear Stearns maintained offices in this District and that the Sherman Complaint alleges that purported acts and transactions occurred in this District.

16. Denies the allegations set forth in Paragraph 16.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17.

18. Denies the allegations set forth in Paragraph 18, except admits that Bear Stearns succeeded on October 29, 1985 to the business of Bear, Stearns & Co.; admits that Bear Stearns was a Delaware corporation with its principal place of business in the State of New York; admits that on May 30, 2008 a merger subsidiary of JPMorgan was formed to merge with and into Bear Stearns; and avers that effective July 16, 2008 Bear Stearns converted its form of organization from that of a Delaware corporation to that of a Delaware limited liability company under the name of The Bear Stearns Companies LLC.

19. Denies the allegations set forth in Paragraph 19, except admits that James E. Cayne ("Cayne") was Chairman of the Board of Bear Stearns from 2001 to 2008, and CEO of Bear Stearns from 1993 until January 8, 2008, and is a resident of the State of New York.

20. Denies the allegations set forth in Paragraph 20, except admits that Warren J. Spector ("Spector") was Co-President and Co-Chief Operating Officer of Bear Stearns from 2001 to August 5, 2007, when he resigned those positions but remained an employee of the Firm with the title Senior Managing Director ("SMD") until December 28, 2007, and admits that Spector is a resident of the State of New York.

21. Denies the allegations set forth in Paragraph 21.

22. Denies the allegations set forth in Paragraph 22, except admits upon information and belief that Deloitte & Touche LLP ("Deloitte") is a Delaware limited liability partnership, admits that Deloitte acted as an independent registered public accounting firm for Bear Stearns and issued auditors' reports on the Firm's annual financial statements for fiscal years 2006 and 2007, and consented to the incorporation by reference of its reports on the Firm's annual financial statements for fiscal years 2006 and 2007.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29.

30. Denies the allegations set forth in Paragraph 30, except admits that between 2004 and 2007 Private Capital Management, L.P. ("PCM") was listed in Bear Stearns' annual proxy statements as the Firm's largest beneficial owner of stock, excluding the Firm's employees as a group; and admits that between 2004 and 2006 PCM was the only beneficial owner of stock listed as having investment control of more than 5% of the Firm's outstanding common stock, excluding the Firm's Directors and Executive Officers and the Firm's employees as a group.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31.

32. Denies the allegations set forth in Paragraph 32, and respectfully refers the Court to the referenced publications for their actual language and complete contents.

33. Denies the allegations set forth in Paragraph 33.

34. Denies the allegations set forth in Paragraph 34.

35. Denies the allegations set forth in Paragraph 35, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 35.

36. Denies the allegations set forth in Paragraph 36.

37. Denies the allegations set forth in Paragraph 37.

38. Denies the allegations set forth in Paragraph 38.

39. Denies the allegations set forth in Paragraph 39, except admits that Bear Stearns reported Derivative Financial Instruments Owned of $12,711,908,000 in its 2004 Annual Report to Stockholders, and respectfully refers the Court to the referenced Bear Stearns public disclosure for its actual language and complete contents.

40. Denies the allegations set forth in Paragraph 40, except admits that Bear Stearns reported Mortgages, mortgage- and asset-backed Financial Instruments Owned of $40,297,016,000 in its 2005 Annual Report to Stockholders, and respectfully refers the Court to the referenced Bear Stearns public disclosure for its actual language and complete contents.

41. Denies the allegations set forth in Paragraph 41, except admits that Bear Stearns reported Mortgages, mortgage- and asset-backed Financial Instruments Owned of $43,226,699,000 and Derivative Financial Instruments Owned of $11,617,144,000 in

its 2006 Annual Report to Stockholders, and respectfully refers the Court to the referenced Bear Stearns public disclosure for its actual language and complete contents.

42. Denies the allegations set forth in Paragraph 42, except admits that Bear Stearns reported Mortgages, mortgage- and asset-backed Financial Instruments Owned, at Fair Value, of $46,141,000,000 and Derivative Financial Instruments Owned, at Fair Value, of $19,725,000,000 in its 2007 Annual Report to Stockholders, and respectfully refers the Court to the referenced Bear Stearns public disclosure for its actual language and complete contents.

43. Denies the allegations set forth in Paragraph 43.

44. Denies the allegations set forth in Paragraph 44.

45. Denies the allegations set forth in Paragraph 45.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46, except denies the allegations set forth in the first sentence of Paragraph 46.

47. Denies the allegations set forth in Paragraph 47.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49.

50. Denies the allegations set forth in Paragraph 50.

51. Denies the allegations set forth in Paragraph 51, except admits that Bear Stearns securitized mortgages into mortgage-backed securities, some of which were sold to investors.

52. Denies the allegations set forth in the first sentence of Paragraph 52, except admits that Bear Stearns reported Mortgages, mortgage- and asset-backed Financial Instruments Owned of $57.55 billion on February 28, 2007; and denies the allegations set forth in the second sentence of Paragraph 52 on the ground that they are broad generalizations that do not fully and accurately represent the matters that they purport to describe.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53.

54. Denies the allegations set forth in Paragraph 54.

55. Denies the allegations set forth in Paragraph 55, except admits that the Bear Stearns 2006 Annual Report contains the language quoted by plaintiff, and respectfully refers the Court to the referenced Bear Stearns public disclosure for its actual language and complete contents.

56. Denies the allegations set forth in Paragraph 56, except admits that Spector gave a presentation on February 9, 2007 at the Credit Suisse Financial Services Forum ("Credit Suisse Conference") in Naples, Florida, and denies knowledge or information sufficient to form a belief as to the truth of whether Sherman attended the referenced presentation.

57. Denies the allegations set forth in Paragraph 57, except admits that Spector and Sherman spoke at the Credit Suisse Conference.

58. Denies the allegations set forth in Paragraph 58.

59. Denies the allegations set forth in Paragraph 59.

60. Denies the allegations set forth in Paragraph 60.

61. Denies the allegations set forth in Paragraph 61.

62. Denies the allegations set forth in Paragraph 62, except admits that Jeffrey M. Farber, the Controller and Principal Accounting Officer of Bear Stearns and an SMD, reported to Samuel Molinaro ("Molinaro"), Bear Stearns' Chief Financial Officer, and that the SEC Office of Inspector General ("OIG") issued a report on September 25, 2008 titled "SEC's Oversight of Bear Stearns and Related Entities: The Consolidated Supervised Entity Program" (the "OIG Report").

63. Denies the allegations set forth in Paragraph 63.

64. Denies the allegations set forth in Paragraph 64, except admits that the OIG Report contains the language quoted by plaintiff, and respectfully refers the Court to the referenced OIG Report for its actual language and complete contents.

65. Denies the allegations set forth in Paragraph 65.

66. Denies the allegations set forth in Paragraph 66.

67. Denies the allegations set forth in Paragraph 67.

68. Denies the allegations set forth in Paragraph 68.

69. Admits the allegations set forth in Paragraph 69.

70. Denies the allegations set forth in Paragraph 70, except admits that Bear Stearns filed its 2006 Form 10-K for the fiscal year ending November 30, 2006 on February 13, 2007.

71. Denies the allegations set forth in Paragraph 71, except admits that the Bear Stearns 2006 Annual Report to Stockholders contains language substantially similar to that quoted by plaintiff, but denies plaintiff's characterization of the disclosure, and respectfully refers the Court to the referenced Bear Stearns public disclosure for its actual language and complete contents.

72. Denies the allegations set forth in Paragraph 72.

73. Denies the allegations set forth in Paragraph 73, except admits that the Bear Stearns 2006 Annual Report to Stockholders contains the language quoted by plaintiff, and respectfully refers the Court to the referenced Bear Stearns public disclosure for its actual language and complete contents.

74. Denies the allegations set forth in Paragraph 74.

75. Denies the allegations set forth in Paragraph 75, except admits that the Bear Stearns 2006 Annual Report to Stockholders contains the language quoted by plaintiff, and respectfully refers the Court to the referenced Bear Stearns public disclosure for its actual language and complete contents.

76. Denies the allegations set forth in Paragraph 76.

77. Denies the allegations set forth in Paragraph 77.

78. Denies the allegations set forth in Paragraph 78, except admits that the Bear Stearns High-Grade Structured Credit Strategies Fund, L.P. (the "High Grade Fund") was launched in or about October 2003 and that the Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage Fund, L.P. (the "Enhanced Fund") was created in August 2006.

79. Denies the allegations set forth in Paragraph 79.

80. Denies the allegations set forth in Paragraph 80.

81. Denies the allegations set forth in Paragraph 81, except admits that Bear Stearns Asset Management Inc. ("BSAM") informed investors on or about May 16, 2007 that, for the month ended April 30, 2007, the Enhanced Fund had returned an estimated -6.57%, which was described as a preliminary estimate, and admits that BSAM informed investors on or about June 7, 2007 that, for the month ended April 30, 2007, the Enhanced Fund had returned -18.97% (on an unaudited basis, net of fees and expenses), bringing the year to date return as of April 30, 2007 to -22.9% (on an unaudited basis, net of fees and expenses).

82. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 82, and denies the allegations set forth in the second sentence of Paragraph 82.

83. Denies the allegations set forth in Paragraph 83.

84. Denies the allegations set forth in Paragraph 84.

85. Denies the allegations set forth in Paragraph 85.

86. Denies the allegations set forth in Paragraph 86.

87. Denies the allegations set forth in Paragraph 87, and respectfully refers the Court to the referenced OIG Report for its actual language and complete contents.

88. Denies the allegations set forth in Paragraph 88, and respectfully refers the Court to the historical prices of Bear Stearns' stock.

89. Denies the allegations set forth in Paragraph 89, and respectfully refers the Court to the referenced OIG Report for its actual language and complete contents.

90. Denies the allegations set forth in Paragraph 90.

91. Denies the allegations set forth in Paragraph 91.

92. Denies the allegations set forth in Paragraph 92 and repeats its responses to the allegations set forth in Paragraphs 87, 104, and 105.

93. Denies the allegations set forth in Paragraph 93.

94. Denies the allegations set forth in Paragraph 94.

95. Denies the allegations set forth in Paragraph 95.

96. Denies the allegations set forth in Paragraph 96.

97. Admits the allegations set forth in Paragraph 97.

98. Admits the allegations set forth in Paragraph 98.

99. Denies the allegations set forth in Paragraph 99.

100. Denies the allegations set forth in Paragraph 100.

101. Denies the allegations set forth in Paragraph 101, except admits that Vincent Tese, an independent director of Bear Stearns, met with Sherman in or around August 2007.

102. Denies the allegations set forth in Paragraph 102.

103. Denies the allegations set forth in Paragraph 103.

104. Denies the allegations set forth in Paragraph 104.

105. Denies the allegations set forth in Paragraph 105, and respectfully refers the Court to the referenced OIG Report for its actual language and complete contents.

106. Admits the allegations set forth in Paragraph 106.

107. Denies the allegations set forth in Paragraph 107.

108. Denies the allegations set forth in Paragraph 108, except admits that Bear Stearns sent a client communication in August 2007 that contains language substantially similar to that quoted by plaintiff, and respectfully refers the Court to the referenced document for its actual language and complete contents.

109. Denies the allegations set forth in Paragraph 109.

110. Admits the allegations set forth in Paragraph 110, and respectfully refers the Court to the referenced Bear Stearns public disclosure for its actual language and complete contents.

111. Denies the allegations set forth in Paragraph 111.

112. Denies the allegations set forth in Paragraph 112, except admits that on October 4, 2007 Bear Stearns hosted an "Investor Day" conference.

113. Denies the allegations set forth in Paragraph 113.

114. Denies the allegations set forth in Paragraph 114, except admits that the referenced presentation contains the language quoted by plaintiff, and respectfully refers the Court to the presentation for its actual language and complete contents.

115. Denies the allegations set forth in Paragraph 115.

116. Denies the allegations set forth in Paragraph 116, except admits that the referenced presentation contains the language quoted by plaintiff, and respectfully refers the Court to the presentation for its actual language and complete contents.

117. Denies the allegations set forth in Paragraph 117.

118. Denies the allegations set forth in Paragraph 118, except denies knowledge or information sufficient to form a belief as to the truth of whether Sherman attended the referenced presentation, and admits that Sherman met with Cayne and Molinaro that day.

119. Denies the allegations set forth in Paragraph 119.

120. Denies the allegations set forth in Paragraph 120.

121. Denies the allegations set forth in Paragraph 121.

122. Denies the allegations set forth in Paragraph 122.

123. Denies the allegations set forth in Paragraph 123.

124. Denies the allegations set forth in Paragraph 124.

125. Denies the allegations set forth in Paragraph 125.

126. Denies the allegations set forth in Paragraph 126.

127. Admits the allegations set forth in Paragraph 127.

128. Admits the allegations set forth in Paragraph 128.

129. Denies the allegations set forth in Paragraph 129.

130. Denies the allegations set forth in Paragraph 130.

131. Denies the allegations set forth in Paragraph 131.

132. Denies the allegations set forth in Paragraph 132.

133. Admits the allegations set forth in Paragraph 133.

134. Denies the allegations set forth in Paragraph 134.

135. Denies the allegations set forth in Paragraph 135.

136. Denies the allegations set forth in Paragraph 136.

137. Denies the allegations set forth in Paragraph 137.

138. Denies the allegations set forth in Paragraph 138.

139. Denies the allegations set forth in Paragraph 139.

140. Denies the allegations set forth in Paragraph 140 on the ground that they are broad generalizations that do not fully and accurately represent the matters that they purport to describe.

141. Denies the allegations set forth in Paragraph 141.

142. Denies the allegations set forth in Paragraph 142.

143. Denies the allegations set forth in Paragraph 143.

144. Denies the allegations set forth in Paragraph 144.

145. Denies the allegations set forth in Paragraph 145.

146. Denies the allegations set forth in Paragraph 146.

147. To the extent the allegations set forth in Paragraph 147 are directed at Deloitte, avers that no response is required; otherwise admits the allegations set forth in Paragraph 147.

148. To the extent the allegations set forth in Paragraph 148 are directed at Deloitte, avers that no response is required; otherwise denies the allegations set forth in Paragraph 148, except admits that the Bear Stearns 2006 Form 10-K contained Deloitte's auditors' report for fiscal year 2006 and the Bear Stearns 2007 Form 10-Qs contained Deloitte's reports on a review of interim financial information.

149. Denies the allegations set forth in Paragraph 149.

150. To the extent the allegations set forth in Paragraph 150 are directed at Deloitte, avers that no response is required; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 150.

151. To the extent the allegations set forth in Paragraph 151 are directed at Deloitte, avers that no response is required; otherwise denies the allegations set forth in Paragraph 151.

152. Denies the allegations set forth in Paragraph 152, except admits that the presentation given by Molinaro at the Credit Suisse Financial Services Forum on February 8, 2008 contains language substantially similar to that quoted by plaintiff, and respectfully refers the Court to the referenced presentation for its actual language and complete contents.

153. Denies the allegations set forth in Paragraph 153.

154. Denies the allegations set forth in Paragraph 154, except admits that the referenced Bear Stearns press release contains the language quoted by plaintiff, and respectfully refers the Court to the press release for its actual language and complete contents.

155. Denies the allegations set forth in Paragraph 155.

156. Denies the allegations set forth in Paragraph 156.

157. Denies the allegations set forth in Paragraph 157.

158. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 158.

159. Avers that the allegations set forth in Paragraph 159 consist of legal conclusions to which no response is required; to the extent a response is required, denies the allegations set forth in Paragraph 159.

160. Denies the allegations set forth in Paragraph 160.

161. Denies the allegations set forth in Paragraph 161.

162. Denies the allegations set forth in Paragraph 162, except admits that certifications signed by Cayne for the Bear Stearns Form 10-K for fiscal year 2006 and Form 10-Qs for the first, second, and third quarters of 2007 contain language substantially similar to that quoted by plaintiff, and respectfully refers the Court to the referenced certifications for their actual language and complete contents.

163. Denies the allegations set forth in Paragraph 163.

164. Denies the allegations set forth in Paragraph 164.

165. Denies the allegations set forth in Paragraph 165.

166. Denies the allegations set forth in Paragraph 166.

167. Denies the allegations set forth in Paragraph 167.

168. Denies the allegations set forth in Paragraph 168.

169. Denies the allegations set forth in Paragraph 169.

170. Denies the allegations set forth in Paragraph 170.

171. Denies the allegations set forth in Paragraph 171.

172. Denies the allegations set forth in Paragraph 172.

173. Denies the allegations set forth in Paragraph 173.

174. Denies the allegations set forth in Paragraph 174.

175. Denies the allegations set forth in Paragraph 175.

176. Denies the allegations set forth in Paragraph 176.

177. Denies the allegations set forth in Paragraph 177.

178. Denies the allegations set forth in Paragraph 178.

179. Denies the allegations set forth in Paragraph 179.

180. Denies the allegations set forth in Paragraph 180.

181. Denies the allegations set forth in Paragraph 181.

182. Denies the allegations set forth in Paragraph 182.

183. Denies the allegations set forth in Paragraph 183.

184. Denies the allegations set forth in Paragraph 184.

185. Avers that the allegations set forth in Paragraph 185 consist of legal conclusions to which no response is required; to the extent a response is required, denies the allegations set forth in Paragraph 185.

186. Denies the allegations set forth in Paragraph 186.

187. Denies the allegations set forth in Paragraph 187.

188. Denies the allegations set forth in Paragraph 188.

189. Denies the allegations set forth in Paragraph 189.

190. To the extent the allegations set forth in Paragraph 190 are directed at Deloitte, avers that no response is required; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 190.

191. To the extent the allegations set forth in Paragraph 191 are directed at Deloitte, avers that no response is required; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences of Paragraph 191 and denies the allegations set forth in the third sentence of Paragraph 191.

192. Denies the allegations set forth in Paragraph 192.

193. To the extent the allegations set forth in Paragraph 193 are directed at Deloitte, avers that no response is required; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 193.

194. To the extent the allegations set forth in Paragraph 194 are directed at Deloitte, avers that no response is required; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 194.

195. To the extent the allegations set forth in Paragraph 195 are directed at Deloitte, avers that no response is required; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 195.

196. To the extent the allegations set forth in Paragraph 196 are directed at Deloitte, avers that no response is required; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 196.

197. To the extent the allegations set forth in Paragraph 197 are directed at Deloitte, avers that no response is required; otherwise denies the allegations set forth in Paragraph 197.

198. To the extent the allegations set forth in Paragraph 198 are directed at Deloitte, avers that no response is required; otherwise denies the allegations set forth in Paragraph 198.

199. To the extent the allegations set forth in Paragraph 199 are directed at Deloitte, avers that no response is required; otherwise denies the allegations set forth in Paragraph 199.

200. To the extent the allegations set forth in Paragraph 200 are directed at Deloitte, avers that no response is required; otherwise denies the allegations set forth in Paragraph 200.

201. Denies the allegations set forth in Paragraph 201 and repeats its responses to the allegations set forth in Paragraphs 58-60, 65, 71, 73, 75, 84, 86-88, 91, 99, 101, 108-10, 114, 116, 120, 122, 129, 131, 134, 136, 144-45, 147-48, and 152.

202. Denies the allegations set forth in Paragraph 202.

203. Denies the allegations set forth in Paragraph 203.

204. Denies the allegations set forth in Paragraph 204.

205. Denies the allegations set forth in Paragraph 205, except admits that Bear Stearns issued a press release on June 22, 2007 announcing that it had offered to provide up to $3.2 billion in secured financing to the High Grade Fund, and respectfully refers the Court to the press release for its actual language and complete contents.

206. Denies the allegations set forth in Paragraph 206.

207. Denies the allegations set forth in Paragraph 207.

208. Denies the allegations set forth in Paragraph 208.

209. Denies the allegations set forth in Paragraph 209.

210. Denies the allegations set forth in Paragraph 210.

211. Denies the allegations set forth in Paragraph 211.

212. Denies the allegations set forth in Paragraph 212.

213. Denies the allegations set forth in Paragraph 213, except admits that Bear Stearns issued a press release and filed a Form 8-K on September 20, 2007 reporting its financial results for the quarter ended August 31, 2007 in which it reported that net income was down 61% from the third quarter of 2006 and net revenue was down 38% from the third quarter of 2006, and respectfully refers the Court to the press release for its actual language and complete contents.

214. Denies the allegations set forth in Paragraph 214.

215. Denies the allegations set forth in Paragraph 215.

216. Denies the allegations set forth in Paragraph 216.

217. Denies the allegations set forth in Paragraph 217, except admits that on November 14, 2007 Molinaro made a presentation at the Merrill Lynch Banking and Financial Services Investor Conference and admits that Bear Stearns filed an 8-K on November 15, 2007, and respectfully refers the Court to the referenced presentation and Bear Stearns public disclosure for their actual language and complete contents.

218. Denies the allegations set forth in Paragraph 218.

219. Denies the allegations set forth in Paragraph 219.

220. Denies the allegations set forth in Paragraph 220.

221. Denies the allegations set forth in Paragraph 221, except admits that Bear Stearns issued a press release and filed a Form 8-K on December 20, 2007 reporting its financial results for the quarter and fiscal year ended November 30, 2007 in which it announced total net inventory write-downs of $1.9 billion as of November 30, 2007 and announced a loss for the quarter, and respectfully refers the Court to the press release for its actual language and complete contents

222. Denies the allegations set forth in Paragraph 222.

223. Denies the allegations set forth in Paragraph 223.

224. Denies the allegations set forth in Paragraph 224.

225. Denies the allegations set forth in Paragraph 225, except admits that Bear Stearns issued a press release on March 14, 2008 announcing that its liquidity position had significantly deteriorated over the prior 24 hours and that it had reached an agreement with JPMorgan to provide a secured loan facility for an initial period of up to 28 days, and respectfully refers the Court to the press release for its actual language and complete contents.

226. Denies the allegations set forth in Paragraph 226.

227. Denies the allegations set forth in Paragraph 227.

228. Denies the allegations set forth in Paragraph 228.

229. Denies the allegations set forth in Paragraph 229, except admits that on March 16, 2008 Bear Stearns announced that JPMorgan was acquiring Bear Stearns in a stock-for-stock exchange and that the transaction would have a value of approximately $2 per share.

230. Denies the allegations set forth in Paragraph 230.

231. Denies the allegations set forth in Paragraph 231.

232. Denies the allegations set forth in Paragraph 232.

233. Denies the allegations set forth in Paragraph 233.

234. Denies the allegations set forth in Paragraph 234.

235. Denies the allegations set forth in Paragraph 235.

236. Repeats its responses to the allegations set forth in Paragraphs 1 through 235.

237. Denies the allegations set forth in Paragraph 237.

238. Denies the allegations set forth in Paragraph 238.

239. Denies the allegations set forth in Paragraph 239.

240. Denies the allegations set forth in Paragraph 240.

241. Repeats its responses to the allegations set forth in Paragraphs 1 through 240 and admits that plaintiff purports to assert the claim as described in Paragraph 241.

242. Denies the allegations set forth in Paragraph 242.

243. Denies the allegations set forth in Paragraph 243 and repeats its responses to the allegations set forth in Paragraphs 71, 73, 75, 134, 137, 145, 147, and 148.

244. Denies the allegations set forth in Paragraph 244.

245. Denies the allegations set forth in Paragraph 245.

246. Denies the allegations set forth in Paragraph 246.

247. Denies the allegations set forth in Paragraph 247.

248. Repeats its responses to the allegations set forth in Paragraphs 1 through 247.

249. Denies the allegations set forth in Paragraph 249.

250. Denies the allegations set forth in Paragraph 250.

251. Denies the allegations set forth in Paragraph 251.

252. Repeats its responses to the allegations set forth in Paragraphs 1 through 251.

253. Denies the allegations set forth in Paragraph 253.

254. Denies the allegations set forth in Paragraph 254.

255. Denies the allegations set forth in Paragraph 255.

256. Denies the allegations set forth in Paragraph 256.

257. Denies the allegations set forth in Paragraph 257.

258. Denies the allegations set forth in Paragraph 258.

259. Denies the allegations set forth in Paragraph 259.

260. Denies the allegations set forth in Paragraph 260.

261. Denies the allegations set forth in Paragraph 261.

262. Denies the allegations set forth in Paragraph 262.

263. Denies the allegations set forth in Paragraph 263.

264. Denies the allegations set forth in Paragraph 264.

265. Denies the allegations set forth in Paragraph 265.

266. Denies the allegations set forth in Paragraph 266.

267. With respect to plaintiff's prayer for relief, denies that plaintiff is entitled to any relief against Bear Stearns in this action.

268. With respect to plaintiff's demand for a jury trial, avers that it is a legal conclusion to which no response is required; otherwise, admits that plaintiff purports to demand a jury trial.

## ADDITIONAL DEFENSES

### First Defense

1. The Sherman Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2. Plaintiff has failed to plead his claims against Bear Stearns with particularity.

### Third Defense

3. Bear Stearns is not liable because it did not create a misrepresentation on which plaintiff relied; did not employ any device, scheme, or artifice to defraud; and did not engage in any act, practice, or course of business which operates or would operate as fraud or deceit on any person.

### Fourth Defense

4. Bear Stearns is not liable because it did not make any false or misleading statements of material fact or omissions of material fact.

### Fifth Defense

5.  Bear Stearns is not liable for any alleged misstatements that were forward-looking statements and/or contained sufficient cautionary language and risk disclosure.

### Sixth Defense

6.  Bear Stearns is not liable to plaintiff because it had no duty to disclose any facts allegedly not disclosed.

### Seventh Defense

7.  Bear Stearns is not liable because it did not act with scienter.

### Eighth Defense

8.  Bear Stearns acted at all times in good faith and had no knowledge, and was not reckless in not knowing, that any alleged misstatement or omission was false or misleading.

### Ninth Defense

9.  Bear Stearns is not liable to plaintiff because any alleged misrepresentations or omissions for which it is allegedly responsible were not material.

### Tenth Defense

10. Bear Stearns is not liable because plaintiff did not rely on any alleged misstatements or omissions of material fact by Bear Stearns.

### Eleventh Defense

11. Bear Stearns is not liable because plaintiff did not reasonably rely on any alleged misstatements or omissions of material fact by Bear Stearns.

### Twelfth Defense

12. Bear Stearns is not liable because plaintiff did not rely on the market in making his purchases or sales of Bear Stearns securities.

### Thirteenth Defense

13. Plaintiff's claims are barred in whole or in part because plaintiff had actual or constructive knowledge of the misrepresentations or omissions complained of, and plaintiff therefore assumed the risk of any alleged damages proximately caused thereby.

### Fourteenth Defense

14.  Plaintiff's damages, if any, are speculative, and thus are not recoverable.

### Fifteenth Defense

15.  Plaintiff is estopped from bringing his claims against Bear Stearns.

### Sixteenth Defense

16.  Plaintiff has waived his right to bring his claims against Bear Stearns.

### Seventeenth Defense

17.  Bear Stearns is not liable because plaintiff's alleged losses were not actually or proximately caused by Bear Stearns.

### Eighteenth Defense

18.  The conduct of persons and/or entities other than Bear Stearns was a superseding or intervening cause of any damage, loss, or injury sustained by plaintiff.

### Nineteenth Defense

19.  Bear Stearns is not liable to the extent that the alleged misstatements and omissions attributed to Bear Stearns in the Sherman Complaint were not made in connection with the purchase or sale of, or decision to hold or not to sell, any securities by plaintiff.

### Twentieth Defense

20.  Plaintiff's claims are barred in whole or in part because of the lack of transaction causation and/or loss causation.

### Twenty-First Defense

21.  Bear Stearns is not liable because some or all of the matters now claimed by the Sherman Complaint to be the subject of misrepresentations or omissions were publicly disclosed or were in the public domain and, as such, were available to plaintiff and were at all times reflected in the price of Bear Stearns securities.

### Twenty-Second Defense

22.  Plaintiff's claims are barred in whole or in part because the depreciation in the market price of Bear Stearns securities resulted from factors other than the misstatements or omissions alleged in the Sherman Complaint.

### Twenty-Third Defense

23.    Plaintiff's claims against Bear Stearns are barred in whole or in part by the applicable statutes of limitations.

### Twenty-Fourth Defense

24.    Plaintiff's claims are barred in whole or in part because plaintiff cannot establish the primary liability necessary to assert a claim for control person liability.

### Twenty-Fifth Defense

25.    To the extent plaintiff purports to request injunctive relief, any such claim is barred by the doctrine of laches.

### Twenty-Sixth Defense

26.    To the extent plaintiff purports to request injunctive relief, any such claim is barred because plaintiff has an adequate remedy at law.

### Twenty-Seventh Defense

27.    Plaintiff's claims are barred in whole or in part by the fact that plaintiff has failed to mitigate his alleged damages.

### Twenty-Eighth Defense

28.    Plaintiff has not established that the market for the Bear Stearns securities at issue in this action was efficient.

### Twenty-Ninth Defense

29.    Plaintiff is not entitled to recover attorneys' fees, experts' fees, or other costs and disbursements.

### Thirtieth Defense

30.    Any alleged misstatements constitute inactionable statements of opinion or puffery.

### Thirty-First Defense

31.    Any alleged misstatements were made in good faith, with an honest belief as to their truth.

### Thirty-Second Defense

32.    Bear Stearns did not breach any duty owed to plaintiff.

### Thirty-Third Defense

33.    Plaintiff lacks standing to assert the claims alleged in the Sherman Complaint.

### Thirty-Fourth Defense

34.    Plaintiff would have purchased or chosen not to sell Bear Stearns securities even with knowledge of the facts that he now alleges were misrepresented or omitted.

### Thirty-Fifth Defense

35.    Bear Stearns is not liable to the extent that plaintiff's claim under Section 18 of the Securities Exchange Act of 1934 is based on statements made in documents that are not deemed to be "filed" for purposes of liability under Section 18.

### Thirty-Sixth Defense

36.    Plaintiff's common law fraud claim is preempted by the Securities Litigation Uniform Standards Act, 15 U.S.C. § 78bb(f)(1).

### Thirty-Seventh Defense

37.    Plaintiff's claims, to the extent they are based on his allegedly having been induced to hold or not to sell Bear Stearns stock, are barred as a matter of law.

### Thirty-Eighth Defense

38.    Plaintiff's claims, to the extent they are based on his allegedly having been induced to hold or not to sell Bear Stearns stock, are barred because plaintiff cannot establish actual or reasonable reliance or damages.

### Thirty-Ninth Defense

39.    Plaintiff cannot establish damages based on alleged representations made directly to him that purportedly induced him to hold or not to sell Bear Stearns stock, because plaintiff had no right to sell such stock based on information disclosed only to him and not to the market as a whole, and consequently any disclosures he alleges should have been made would have been reflected in the price at which he could have sold his stock.

### Fortieth Defense

40.    Bear Stearns expressly reserves the right to amend and/or supplement its answer, defenses, and all other pleadings.

## Forty-First Defense

41. Bear Stearns has insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to it, and therefore reserves the right to assert such additional defenses in the event that discovery indicates they would be appropriate.

## Forty-Second Defense

42. Bear Stearns hereby adopts and incorporates by reference any and all other defenses asserted, or that may hereafter be asserted, by any other defendant to the extent such defense may be available to Bear Stearns.

**WHEREFORE**, Bear Stearns respectfully requests: that plaintiff be denied the relief sought in the Sherman Complaint, that judgment be entered in favor of Bear Stearns and against plaintiff, that the Sherman Complaint be dismissed with prejudice, with costs and disbursements to Bear Stearns, and such other legal and equitable relief, including an award of attorneys fees, as the Court may deem just and proper.

Dated: March 28, 2011
New York, NY

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP

By: _____ /s/ Eric S. Goldstein _____
Brad S. Karp (bkarp@paulweiss.com)
Eric S. Goldstein (egoldstein@paulweiss.com)
Jonathan Hurwitz (jhurwitz@paulweiss.com)
Jessica S. Carey (jcarey@paulweiss.com)

1285 Avenue of the Americas
New York, New York 10019-6064
Tel: (212) 373-3000
Fax: (212) 757-3980

*Attorneys for Defendant The Bear Stearns Companies Inc.*