UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                    :

| | |
|---|---|
| IN RE THE BEAR STEARNS COMPANIES, INC. : | |
| SECURITIES, DERIVATIVE, AND ERISA : | |
| LITIGATION : | Master File No. |
| : | 08 M.D.L. No. 1963 (RWS) |
| This Document Relates To: : | |
| : | ECF CASE |
|     Securities Action, 08 Civ. 2793 (RWS) : | |
| : | |
| : | |

------------------------------------------------------------- X
                                    :

| | |
|---|---|
| BRUCE S. SHERMAN, : | |
| : | |
|           Plaintiff, : | |
| : | Index No.: |
|    v. : | 09 Civ. 8161 (RWS) |
| : | |
| BEAR STEARNS COMPANIES, INC., JAMES : | **JURY TRIAL DEMANDED** |
| CAYNE, WARREN SPECTOR and DELOITTE & : | |
| TOUCHE LLP : | |
| : | |
|          Defendants. | |

------------------------------------------------------------- X

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT WARREN J. SPECTOR

        Defendant Warren J. Spector ("Defendant Spector" or "Mr. Spector"), by and

through his attorneys Wachtell, Lipton, Rosen & Katz, hereby responds to Plaintiff Bruce S.

Sherman's Complaint filed September 24, 2009 (the "Sherman Complaint") as follows:

        The introductory paragraph and headings in the Sherman Complaint are not

allegations and therefore do not require a response.

# I.     PRELIMINARY STATEMENT[1]

1.      Denies the allegations set forth in Paragraph 1, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 1.

2.      Denies the allegations set forth in Paragraph 2, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 2.

3.      Denies the allegations set forth in Paragraph 3.

4.      Denies the allegations set forth in Paragraph 4.

5.      Denies the allegations set forth in Paragraph 5.

6.      Denies the allegations set forth in Paragraph 6.

7.      Denies the allegations set forth in Paragraph 7.

8.      Denies the allegations set forth in Paragraph 8.

9.      Denies the allegations set forth in Paragraph 9.

10.     Denies the allegations set forth in Paragraph 10.

11.     Denies the allegations set forth in the first sentence of Paragraph 11 and denies knowledge or information sufficient to form a belief as to the allegations set forth in the remainder of Paragraph 11; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

12.     Denies the allegations set forth in Paragraph 12.

13.     Denies the allegations set forth in Paragraph 13.

---

[1] Solely for the Court's convenience, Mr. Spector has retained certain of plaintiff's headings.  Mr. Spector has also used defined terms as set forth in the Sherman Complaint unless otherwise defined herein.  In using these headings and defined terms, Mr. Spector in no way concedes their truthfulness or accuracy.

## II.  JURISDICTION AND VENUE

14.     Avers that the allegations set forth in Paragraph 14 consist of legal conclusions to which no response is required; to the extent a response is required, denies the allegations, except admits that the Sherman Complaint purports to assert claims over which this Court has jurisdiction, and admits that the Sherman Complaint purports to assert claims under Sections 10(b), 18(a), and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, and the common law of the State of New York, but denies that plaintiff has sufficiently pleaded claims under any of these provisions.

15.     Avers that the allegations set forth in Paragraph 15 consist of legal conclusions to which no response is required; to the extent a response is required, denies the allegations, except admits that Bear Stearns maintained offices in this District and that the Sherman Complaint alleges that purported acts and transactions occurred in this District.

16.     Denies the allegations set forth in Paragraph 16.

## III.  PARTIES

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17.

18.     Denies the allegations set forth in Paragraph 18, except admits that Bear Stearns was a Delaware corporation with its principal place of business in the State of New York.

19.     Denies the allegations set forth in the first sentence of Paragraph 19, except admits that James E. Cayne ("Cayne") was Chairman of the Board of Bear Stearns from 2001 until 2008, and CEO of Bear Stearns from 1993 until 2008; denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 19.

20.     Denies the allegations set forth in Paragraph 20, except admits Mr. Spector was Co-President and Co-Chief Operating Officer of the Firm from June 2001 to August 5, 2007, when he resigned those positions but remained an employee of the Firm with the title Senior Managing Director ("SMD") until December 28, 2007, and admits that Mr. Spector is a resident of the State of New York.

21.     Denies the allegations set forth in Paragraph 21.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22, except admits that Deloitte & Touche LLP ("Deloitte") issued an auditors' report on the Firm's annual financial statement for fiscal year 2006.

## IV.     FACTUAL BACKGROUND

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 and respectfully refers the Court to the referenced publications for their actual language and complete contents.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31.

32.     Denies the allegations set forth in Paragraph 32 and respectfully refers the Court to the referenced publications for their actual language and complete contents.

33.     Denies the allegations set forth in Paragraph 33.

34.     Denies the allegations set forth in Paragraph 34.

35.     Denies the allegations set forth in Paragraph 35, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 35.

36.     Denies the allegations set forth in Paragraph 36.

37.     Denies the allegations set forth in Paragraph 37.

38.     Denies the allegations set forth in Paragraph 38.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 and respectfully refers the Court to the referenced Bear Stearns public disclosure for its actual language and complete contents.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 and respectfully refers the Court to the referenced Bear Stearns public disclosure for its actual language and complete contents.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 and respectfully refers the Court to the referenced Bear Stearns public disclosure for its actual language and complete contents.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 and respectfully refers the Court to the referenced Bear Stearns public disclosure for its actual language and complete contents.

43.     Denies the allegations set forth in Paragraph 43.

44.     Denies the allegations set forth in Paragraph 44.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46, except denies the allegations set forth in the first sentence of Paragraph 46.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49.

50.     Denies the allegations set forth in Paragraph 50, except admits that Bear Stearns participated in the United States residential mortgage market.

51.     Denies the allegations set forth in Paragraph 51.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 52, and denies the allegations set forth in the second sentence of Paragraph 52 on the ground that they are broad generalizations that do not fully and accurately represent the matters that they purport to describe.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53.

54.     Denies the allegations set forth in Paragraph 54.

55.     Denies the allegations set forth in Paragraph 55, except admits that the Bear Stearns 2006 Annual Report contains the language quoted by plaintiff, and respectfully refers the Court to the referenced Bear Stearns public disclosure for its actual language and complete contents.

56.     Denies the allegations set forth in Paragraph 56, except admits that Mr. Spector gave a presentation on February 9, 2007 at the Credit Suisse Financial Services Forum ("Credit Suisse Conference") in Naples, Florida, and admits that Messrs. Spector and Sherman spoke in Naples, Florida, on or around the date of the Credit Suisse Conference.  Denies knowledge or information sufficient to form a belief as to the truth of whether Sherman attended the referenced presentation.

57.     Denies the allegations set forth in Paragraph 57, except admits that Messrs. Spector and Sherman spoke in Naples, Florida, on or around the date of the Credit Suisse Conference.

58.     Denies the allegations set forth in Paragraph 58.

59.     Denies the allegations set forth in Paragraph 59.

60.     Denies the allegations set forth in Paragraph 60.

61.     Denies the allegations set forth in Paragraph 61.

62.     Denies the allegations set forth in Paragraph 62, except admits that Jeffrey M. Farber, an SMD and the Controller and Principal Accounting Officer of Bear Stearns, reported to Samuel Molinaro ("Molinaro"), Bear Stearns's Chief Financial Officer, and that the SEC Office of Inspector General ("OIG") issued a report on September 25, 2008 titled "SEC's Oversight of Bear Stearns and Related Entities: The Consolidated Supervised Entity Program" (the "OIG Report").

63.     Denies the allegations set forth in Paragraph 63.

64.     Denies the allegations set forth in Paragraph 64, except admits that the OIG Report contains the language quoted by plaintiff and respectfully refers the Court to the referenced OIG Report for its actual language and complete contents; by way of further response, Mr. Spector avers that he resigned from Bear Sterns in August 2007.

65.     Denies the allegations set forth in Paragraph 65.

66.     Denies the allegations set forth in Paragraph 66.

67.     Denies the allegations set forth in Paragraph 67.

68.     Denies the allegations set forth in Paragraph 68.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 and respectfully refers the Court to the historical prices of Bear Stearns's stock.

70.     Denies the allegations set forth in Paragraph 60, except admits that Bear Stearns filed its 2006 Form 10-K for the fiscal year ending November 30, 2006 on February 13, 2007.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71, and respectfully refers the Court to the referenced Bear Stearns document for its actual language and complete contents.

72.     Denies the allegations set forth in Paragraph 72.

73.     Denies the allegations set forth in Paragraph 73 and respectfully refers the Court to the referenced Bear Stearns public disclosure for its actual language and complete contents.

74.     Denies the allegations set forth in Paragraph 74.

75.     Denies the allegations set forth in Paragraph 75 and respectfully refers the Court to the referenced Bear Stearns public disclosure for its actual language and complete contents.

76.     Denies the allegations set forth in Paragraph 75 and respectfully refers the Court to the referenced OIG Report for its actual language and complete contents.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77.

78.     Denies the allegations set forth in Paragraph 78, except admits that the Bear Stearns High-Grade Structured Credit Strategies Fund, L.P. (the "High Grade Fund") was launched in or about October 2003 and that the Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage Fund, L.P. (the "Enhanced Fund") was created in August.

79.     Denies the allegations set forth in Paragraph 79.

80.     Denies the allegations set forth in Paragraph 80.

81.     Denies the allegations set forth in Paragraph 81, except admits that Bear Stearns Asset Management Inc. informed investors on or about May 16, 2007 that, for the month ended April 30, 2007, the Enhanced Fund had returned an estimated -6.57%, which was described as a preliminary estimate, and admits that on or about June 7, 2007, for the month ended April 30,

2007, the Enhanced Fund had returned -18.97% (on an unaudited basis, net of fees and expenses), bringing the year to date return as of April 30, 2007 to -22.9% (on an unaudited basis, net of fees and expenses).

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 82 and denies the allegations set forth in the second sentence of Paragraph 82.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 83 and denies the allegations set forth in the second sentence of Paragraph 83.

84.     Denies the allegations set forth in Paragraph 84.

85.     Denies the allegations set forth in Paragraph 85.

86.     Denies the allegations set forth in Paragraph 86.

87.     Denies the allegations set forth in Paragraph 87 and respectfully refers the Court to the referenced OIG Report for its actual language and complete contents.

88.     Denies the allegations set forth in Paragraph 88 and respectfully refers the Court to the historical prices of Bear Stearns's stock.

89.     Denies the allegations set forth in Paragraph 89 and respectfully refers the Court to the referenced OIG Report for its actual language and complete contents.

90.     Denies the allegations set forth in Paragraph 90.

91.     Denies the allegations set forth in Paragraph 91.

92.     Denies the allegations set forth in Paragraph 92 and repeats his responses to the allegations set forth in Paragraphs 87, 104, and 105.

93. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 93.

94. Denies the allegations set forth in Paragraph 94.

95. Denies the allegations set forth in Paragraph 95.

96. Denies the allegations set forth in Paragraph 96.

97. Admits the allegations set forth in Paragraph 97.

98. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 98 and respectfully refers the Court to the referenced Bear Stearns public disclosure for its actual language and complete contents.

99. Denies the allegations set forth in Paragraph 99.

100. Denies the allegations set forth in Paragraph 100.

101. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 101.

102. Denies the allegations set forth in Paragraph 102.

103. Denies the allegations set forth in Paragraph 103.

104. Denies the allegations set forth in Paragraph 104.

105. Denies the allegations set forth in Paragraph 105 and respectfully refers the Court to the referenced OIG Report for its actual language and complete contents.

106. Admits the allegations set forth in Paragraph 106.

107. Denies the allegations set forth in Paragraph 107.

108. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 108; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

109.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 109.

110.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 110 and respectfully refers the Court to the referenced Bear Stearns public disclosure for its actual language and complete contents; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

111.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 111; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

112.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 112; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

113.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 113; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

114.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 114; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

115.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 115; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

116.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 116; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

117.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 117; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

118.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 118; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

119.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 119; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

120.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 120; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

121.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 121; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

122.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 122; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

123.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 123; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

124.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 124; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

125.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 125; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

126.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 126; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

127.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 127; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

128.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 128; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

129.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 129; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

130.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 130; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

131.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 131; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

132.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 132; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

133.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 133; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

134.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 134; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

135.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 135; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

136.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 136; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

137.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 137; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

138.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 138; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

139.     Denies the allegations set forth in Paragraph 139.

140.     Denies the allegations set forth in Paragraph 140 on the ground that they are broad generalizations that do not fully and accurately represent the matters that they purport to describe.

141.     Denies the allegations set forth in Paragraph 141.

142.     Denies the allegations set forth in Paragraph 142.

143.     Denies the allegations set forth in Paragraph 143.

144.     Denies the allegations set forth in Paragraph 144 and respectfully refers the Court to the referenced OIG Report for its actual language and complete contents.

145.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 145; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

146.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 146; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

147.     To the extent that the allegations set forth in Paragraph 147 are directed at Deloitte, avers that no response is required; otherwise denies knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in Paragraph 147; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

148.    To the extent the allegations set forth in Paragraph 148 are directed at Deloitte, avers that no response is required; otherwise denies the allegations set forth in Paragraph 148, except admits that Deloitte issued an auditors' report on the Firm's 2006 10-K and reviewed the interim 2007 financial statements of the Firm.

149.    Denies the allegations set forth in Paragraph 149, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth regarding the 2007 Form 10-K filing; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

150.    To the extent the allegations set forth in Paragraph 150 are directed at Deloitte, avers that no response is required; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 150.

151.    To the extent the allegations set forth in Paragraph 151 are directed at Deloitte, avers that no response is required; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 151.

152.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 152; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

153.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 153; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

154.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 154; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

155.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 155; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

156.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 156; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

157.    Denies the allegations set forth in Paragraph 157.

158.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 158; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

## ADDITIONAL SCIENTER ALLEGATIONS

159.    Avers that the allegations set forth in Paragraph 159 consist of legal conclusions to which no response is required; to the extent a response is required, denies the allegations set forth in Paragraph 159.

160.    Denies the allegations set forth in Paragraph 160.

161.    Denies the allegations set forth in Paragraph 161.

162.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 162 and respectfully refers the Court to the referenced Bear Stearns public disclosures for their actual language and complete contents.

163.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 163 and respectfully refers the Court to the referenced Bear Stearns public disclosures for their actual language and complete contents.

164.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 164.

165.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 165 and respectfully refers the Court to the referenced OIG Report for its actual language and complete contents.

166.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 166 and respectfully refers the Court to the referenced OIG Report for its actual language and complete contents.

167.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 167.

168.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 168.

169.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 169.

170.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 170.

171.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 171.

172.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 172.

173.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 173.

174.   Denies the allegations set forth in Paragraph 174.

175.   Denies the allegations set forth in Paragraph 175.

176.   Denies the allegations set forth in Paragraph 176.

177.   Denies the allegations set forth in Paragraph 177.

178.   Denies the allegations set forth in Paragraph 178.

179.   Denies the allegations set forth in Paragraph 179.

180.   Denies the allegations set forth in Paragraph 180.

181.   Denies the allegations set forth in Paragraph 181.

182.   Denies the allegations set forth in Paragraph 182.

183.   Denies the allegations set forth in Paragraph 183.

184.   Denies the allegations set forth in Paragraph 184.

185.   Avers that the allegations set forth in Paragraph 185 consist of legal conclusions to which no response is required; to the extent a response is required, denies the allegations set forth in Paragraph 185.

186.   Denies the allegations set forth in Paragraph 186.

187.   Denies the allegations set forth in Paragraph 187.

188.   Denies the allegations set forth in Paragraph 188.

189.   Denies the allegations set forth in Paragraph 189.

190.   To the extent the allegations set forth in Paragraph 190 are directed at Deloitte, avers that no response is required; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 190.

191.     To the extent the allegations set forth in Paragraph 191 are directed at Deloitte, avers that no response is required; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences of Paragraph 191 and denies the allegations set forth in the third sentence of Paragraph 191.

192.     Denies the allegations set forth in Paragraph 192.

193.     To the extent the allegations set forth in Paragraph 193 are directed at Deloitte, avers that no response is required; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 193.

194.     To the extent the allegations set forth in Paragraph 194 are directed at Deloitte, avers that no response is required; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 194.

195.     To the extent the allegations set forth in Paragraph 195 are directed at Deloitte, avers that no response is required; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 195.

196.     To the extent the allegations set forth in Paragraph 196 are directed at Deloitte, avers that no response is required; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 196.

197.     To the extent the allegations set forth in Paragraph 197 are directed at Deloitte, avers that no response is required; otherwise denies the allegations set forth in Paragraph 197.

198.     To the extent the allegations set forth in Paragraph 198 are directed at Deloitte, avers that no response is required; otherwise denies the allegations set forth in Paragraph 198.

199.     To the extent the allegations set forth in Paragraph 199 are directed at Deloitte, avers that no response is required; otherwise denies the allegations set forth in Paragraph 199.

200.    To the extent the allegations set forth in Paragraph 200 are directed at Deloitte, avers that no response is required; otherwise denies the allegations set forth in Paragraph 200.

## LOSS CAUSATION

201.    Denies the allegations set forth in Paragraph 201 and repeats his responses to the allegations set forth in Paragraphs 58-60, 65, 71, 73, 75, 84, 86-88, 91, 99, 101, 108-10, 114, 116, 120, 122, 129, 131, 134, 136, 144-45, 147-48, and 152.

202.    Denies the allegations set forth in Paragraph 202.

203.    Denies the allegations set forth in Paragraph 203.

204.    Denies the allegations set forth in Paragraph 204.

205.    Denies the allegations set forth in Paragraph 205, and respectfully refers the Court to the referenced press release for its actual language and complete contents.

206.    Denies the allegations set forth in Paragraph 206.

207.    Denies the allegations set forth in Paragraph 207 and respectfully refers the Court to the historical prices of Bear Stearns's stock.

208.    Denies the allegations set forth in Paragraph 208.

209.    Denies the allegations set forth in Paragraph 209 and respectfully refers the Court to the referenced Bear Stearns public disclosure for its actual language and complete contents.

210.    Denies the allegations set forth in Paragraph 210.

211.    Denies the allegations set forth in Paragraph 211 and respectfully refers the Court to the historical prices of Bear Stearns's stock.

212.    Denies the allegations set forth in Paragraph 212.

213.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 213; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

214.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 214; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

215.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 215; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

216.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 216; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

217.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 217; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

218.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 218; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

219.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 219; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

220.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 220; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

221.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 221; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

222.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 222; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

223.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 223; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

224.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 224; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

225.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 225; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

226.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 226; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

227.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 227; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

228.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 228; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

229.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 229; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

230.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 230; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

231.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 231; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

232.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 232; by way of further response, Mr. Spector avers that he resigned from Bear Stearns in August 2007.

### PRESUMPTION OF RELIANCE:  FRAUD-ON-THE-MARKET

233.     Denies the allegations set forth in Paragraph 233.

234.     Denies the allegations set forth in Paragraph 234.

### NO SAFE HARBOR

235.     Denies the allegations set forth in Paragraph 235.

## V.    CLAIMS FOR RELIEF

### Count I

### (Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5—Manipulative and Deceptive Devices)

236.    Repeats his responses to the allegations set forth in Paragraphs 1 through 235.

237.    Denies the allegations set forth in Paragraph 237.

238.    Denies the allegations set forth in Paragraph 238.

239.    Denies the allegations set forth in Paragraph 239.

240.    Denies the allegations set forth in Paragraph 240.

### Count II

### (Section 18 of the Securities Exchange Act of 1934—Misleading Statements)

241.    Repeats his responses to the allegations set forth in Paragraphs 1 through 240 and admits that plaintiff purports to assert the claim as described in Paragraph 241.

242.    Denies the allegations set forth in Paragraph 242.

243.    Denies the allegations set forth in Paragraph 243 and repeats his responses to the allegations set forth in Paragraphs 71, 73, 75, 134, 137, 145, 147, and 148.

244.    Denies the allegations set forth in Paragraph 244.

245.    Denies the allegations set forth in Paragraph 245.

246.    Denies the allegations set forth in Paragraph 246.

247.    Denies the allegations set forth in Paragraph 247.

### Count III

### (Section 20 of the Securities Exchange Act of 1934—Control Persons)

248.    Repeats his responses to the allegations set forth in Paragraphs 1 through 247.

249.    Denies the allegations set forth in Paragraph 249.

250.    Denies the allegations set forth in Paragraph 250.

251.    Denies the allegations set forth in Paragraph 251.

<u>Count IV</u>

**(Common Law Fraud)**

252.    Repeats his responses to the allegations set forth in Paragraphs 1 through 251.

253.    Denies the allegations set forth in Paragraph 253.

254.    Denies the allegations set forth in Paragraph 254.

255.    Denies the allegations set forth in Paragraph 255.

256.    Denies the allegations set forth in Paragraph 256.

257.    Denies the allegations set forth in Paragraph 257.

258.    Denies the allegations set forth in Paragraph 258.

259.    Denies the allegations set forth in Paragraph 259.

260.    Denies the allegations set forth in Paragraph 260.

261.    Denies the allegations set forth in Paragraph 261.

262.    Denies the allegations set forth in Paragraph 262.

263.    Denies the allegations set forth in Paragraph 263.

264.    Denies the allegations set forth in Paragraph 264.

265.    Denies the allegations set forth in Paragraph 265.

266.    Denies the allegations set forth in Paragraph 266.

### VI.    PRAYER FOR RELIEF

With respect to plaintiff's prayer for relief, denies that plaintiff is entitled to any relief against Mr. Spector in this action.

**Demand for Jury Trial**

With respect to plaintiff's demand for a jury trial, avers that such demand is a legal conclusion to which no response is required; otherwise, admits that plaintiff purports to demand a jury trial.

## ADDITIONAL DEFENSES

### First Defense

The Sherman Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff has failed to plead his claims against Mr. Spector with particularity.

### Third Defense

Mr. Spector is not liable because he did not create a misrepresentation on which plaintiff relied; did not employ any device, scheme, or artifice to defraud; and did not engage in any act, practice, or course of business which operates or would operate as fraud or deceit on any person.

### Fourth Defense

Mr. Spector is not liable because he did not make any false or misleading statements of material fact or omissions of material fact.

### Fifth Defense

Mr. Spector is not liable for any alleged misstatements that were forward-looking statements and/or contained sufficient cautionary language and risk disclosure.

### Sixth Defense

Mr. Spector is not liable to plaintiff because he had no duty to disclose any facts allegedly not disclosed.

### Seventh Defense

Mr. Spector is not liable because he did not act with scienter.

### Eighth Defense

Mr. Spector acted at all times in good faith and had no knowledge, and was not reckless in not knowing, that any alleged misstatement or omission was false or misleading.

### Ninth Defense

Mr. Spector is not liable to plaintiff because any alleged misrepresentations or omissions for which he is allegedly responsible were not material.

### Tenth Defense

Mr. Spector is not liable because plaintiff did not rely on any alleged misstatements or omissions of material fact by Mr. Spector.

### Eleventh Defense

Mr. Spector is not liable because plaintiff did not reasonably rely on any alleged misstatements or omissions of material fact by Mr. Spector.

### Twelfth Defense

Mr. Spector is not liable because plaintiff did not rely on the market in making his purchases or sales of Bear Stearns securities.

### Thirteenth Defense

Plaintiff's claims are barred in whole or in part because plaintiff had actual or constructive knowledge of the misrepresentations or omissions complained of, and plaintiff therefore assumed the risk of any alleged damages proximately caused thereby.

### Fourteenth Defense

Plaintiff's damages, if any, are speculative, and thus are not recoverable.

### Fifteenth Defense

Plaintiff is estopped from bringing his claims against Mr. Spector.

### Sixteenth Defense

Plaintiff has waived his right to bring his claims against Mr. Spector.

### Seventeenth Defense

Mr. Spector is not liable because plaintiff's alleged losses were not actually or proximately

caused by Mr. Spector.

### Eighteenth Defense

The conduct of persons and/or entities other than Mr. Spector was a superseding or intervening

cause of any damage, loss, or injury sustained by plaintiff.

### Nineteenth Defense

Mr. Spector is not liable to the extent that the alleged misstatements and omissions attributed to

Mr. Spector in the Sherman Complaint were not made in connection with the purchase or sale of,

or decision to hold or not to sell, any securities by plaintiff.

### Twentieth Defense

Plaintiff's claims are barred in whole or in part because of the lack of transaction causation

and/or loss causation.

### Twenty-First Defense

Mr. Spector is not liable because some or all of the matters now claimed by the Sherman

Complaint to be the subject of misrepresentations or omissions were publicly disclosed or were

in the public domain and, as such, were available to plaintiff and were at all times reflected in the

price of Bear Stearns securities.

### Twenty-Second Defense

Plaintiff's claims are barred in whole or in part because the depreciation in the market price of

Bear Stearns securities resulted from factors other than the misstatements or omissions alleged in

the Sherman Complaint.

### Twenty-Third Defense

Plaintiff's claims against Mr. Spector are barred in whole or in part by the applicable statutes of limitations.

### Twenty-Fourth Defense

Plaintiff's claims are barred in whole or in part because plaintiff cannot establish the primary liability necessary to assert a claim for control person liability.

### Twenty-Fifth Defense

To the extent plaintiff purports to request injunctive relief, any such claim is barred by the doctrine of laches.

### Twenty-Sixth Defense

To the extent plaintiff purports to request injunctive relief, any such claim is barred because plaintiff has an adequate remedy at law.

### Twenty-Seventh Defense

Plaintiff's claims are barred in whole or in part by the fact that plaintiff has failed to mitigate his alleged damages.

### Twenty-Eighth Defense

Plaintiff has not established that the market for the Bear Stearns securities at issue in this action was efficient.

### Twenty-Ninth Defense

Plaintiff is not entitled to recover attorneys' fees, experts' fees, or other costs and disbursements.

### Thirtieth Defense

Any alleged misstatements constitute inactionable statements of opinion or puffery.

### Thirty-First Defense

Any alleged misstatements were made in good faith, with an honest belief as to their truth.

### Thirty-Second Defense

Mr. Spector did not breach any duty owed to plaintiff.

### Thirty-Third Defense

Plaintiff lacks standing to assert the claims alleged in the Sherman Complaint.

### Thirty-Fourth Defense

Plaintiff would have purchased or chosen not to sell Bear Stearns securities even with knowledge of the facts that he now alleges were misrepresented or omitted.

### Thirty-Fifth Defense

Mr. Spector is not liable to the extent that plaintiff's claim under Section 18 of the Securities Exchange Act of 1934 is based on statements made in documents that are not deemed to be "filed" for purposes of liability under Section 18.

### Thirty-Sixth Defense

Plaintiff's common law fraud claim is preempted by the Securities Litigation Uniform Standards Act, 15 U.S.C. § 78bb(f)(1).

### Thirty-Seventh Defense

Plaintiff's claims, to the extent they are based on his allegedly having been induced to hold or not to sell Bear Stearns stock, are barred as a matter of law.

### Thirty-Eighth Defense

Plaintiff's claims, to the extent they are based on his allegedly having been induced to hold or not to sell Bear Stearns stock, are barred because plaintiff cannot establish actual or reasonable reliance or damages.

### Thirty-Ninth Defense

Plaintiff cannot establish damages based on alleged representations made directly to him that purportedly induced him to hold or not to sell Bear Stearns stock, because plaintiff had no right

to sell such stock based on information disclosed only to him and not to the market as a whole, and consequently any disclosures he alleges should have been made would have been reflected in the price at which he could have sold his stock.

### Fortieth Defense

Mr. Spector expressly reserves the right to amend and/or supplement his answer, defenses, and all other pleadings.

### Forty-First Defense

Mr. Spector has insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to him, and therefore reserves the right to assert such additional defenses in the event that discovery indicates they would be appropriate.

### Forty-Second Defense

Mr. Spector hereby adopts and incorporates by reference any and all other defenses asserted, or that may hereafter be asserted, by any other defendant to the extent such defense may be available to Mr. Spector.

### Jury Demand

Mr. Spector demands a trial by jury of all claims in this proceeding.

## **Prayer for Relief**

WHEREFORE, Defendant Spector respectfully demands judgment as follows:

A.      That plaintiff be awarded nothing in this action;

B.      That judgment be entered in favor of Defendant Spector;

C.      That Defendant Spector be awarded costs, including his disbursements and

reasonable attorneys' fees; and

D.      Such other and further relief as this Court deems just and proper.


Dated:  March 28, 2011                            Respectfully submitted,

                                                  WACHTELL, LIPTON, ROSEN & KATZ

                                                  By:  /s/ David B. Anders
                                                  David B. Anders (dbanders@wlrk.com)
                                                  Meredith L. Turner (mlturner@wlrk.com)
                                                  WACHTELL, LIPTON, ROSEN & KATZ
                                                  51 West 52nd Street
                                                  New York, NY  10019
                                                  Telephone:  (212) 403-1000
                                                  Facsimile:  (212) 403-2000
                                                  dbanders@wlrk.com
                                                  mlturner@wlrk.com

                                                  *Attorneys for Defendant Warren J. Spector*