**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE THE BEAR STEARNS COMPANIES, INC. SECURITIES, DERIVATIVE, AND ERISA LITIGATION | Master File No. 08 M.D.L. No. 1963 (RWS) |
| This Document Relates To: | ECF CASE |
| Securities Action, 08-CIV-2793 (RWS) | |
| Sherman v. Bear Stearns Companies Inc., et al., 09-CIV-8161 (RWS) | **JURY TRIAL DEMANDED** |

## ANSWER AND DEFENSES OF DEFENDANT DELOITTE & TOUCHE LLP TO THE COMPLAINT

Defendant Deloitte & Touche LLP ("Deloitte"), upon knowledge with respect to its own acts and upon information or belief with respect to the acts of others, answers Plaintiff's Complaint, dated September 24, 2009, as follows:

1.      Paragraph 1 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 1, except Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 1.

2.      Paragraph 2 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2, except Deloitte admits on information and belief that Bruce S. Sherman ("Sherman" or "Plaintiff") was Chief Executive Officer of Private Capital Management, L.P. ("PCM").

3.    Paragraph 3 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 3.

4.    Paragraph 4 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 4.

5.    Paragraph 5 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 5.

6.    Deloitte denies the allegations set forth in Paragraph 6 of the Complaint.

7.    Deloitte denies the allegations set forth in Paragraph 7 of the Complaint, except Deloitte lacks knowledge or information sufficient to form a belief as to others' state of mind.

8.    Deloitte denies the allegations set forth in Paragraph 8 of the Complaint, except Deloitte lacks knowledge or information sufficient to form a belief as to others' state of mind.

9.    Paragraph 9 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 9.

10.    Deloitte denies the allegations set forth in Paragraph 10 of the Complaint.

11.    Paragraph 11 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 11, except Deloitte admits that The Bear Stearns Companies Inc. (the "Company") issued a press release on March 14, 2008, and refers to that release for its contents; Deloitte admits on information and belief that The Bear Stearns Companies Inc.'s share

price at the close of trading on March 14, 2008, was $30.00 per share; and that The Bear Stearns Companies Inc.'s share price at the close of trading on March 17, 2008, was $4.81 per share; Deloitte admits that JPMorgan Chase & Co. ("JPMorgan") issued a press release on March 16, 2008, and refers to that release for its contents; and that The Bear Stearns Companies Inc. shareholders ultimately received 0.21753 shares of JPMorgan common stock, worth approximately $10, for each outstanding share of The Bear Stearns Companies Inc. that they owned; and Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the fourth sentence of Paragraph 11.

12.    Paragraph 12 of the Complaint states legal conclusions and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 12.

13.    Paragraph 13 of the Complaint states legal conclusions and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 13.

14.    Paragraph 14 of the Complaint states legal conclusions and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 14, except Deloitte admits that this Court has jurisdiction over this action; and that Plaintiff purports to bring this action under Sections 10(b), 18(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j, 78r and 78t, Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5, and the common law of the State of New York.

15.    Paragraph 15 of the Complaint states legal conclusions and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte denies the

allegations set forth in Paragraph 15, except Deloitte admits that venue is proper in this District as to Deloitte pursuant to Section 27 of the Exchange Act and 28 U.S.C. § 1391 and lacks knowledge or information sufficient to form a belief as to the propriety of venue as to others; and Deloitte admits on information and belief that The Bear Stearns Companies Inc. maintained offices in this District.

16.     Deloitte denies the allegations set forth in Paragraph 16 of the Complaint as to itself, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 as to others.

17.     Paragraph 17 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17, except Deloitte admits on information and belief that Sherman was Chief Executive Officer of PCM.

18.     Paragraph 18 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18, except Deloitte admits that The Bear Stearns Companies Inc. was a Delaware corporation with its principal place of business in the State of New York; and Deloitte admits on information and belief that The Bear Stearns Companies Inc. was formed in 1985 as a successor corporation to Bear Stearns & Co. and that on May 30, 2008, a wholly owned subsidiary of JPMorgan merged with and into The Bear Stearns Companies Inc., with the Company continuing as the surviving corporation and a wholly owned subsidiary of JPMorgan.

19. Paragraph 19 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19, except Deloitte admits on information and belief that James E. Cayne ("Cayne") was Chief Executive Officer of The Bear Stearns Companies Inc. from 1993 until January 2008 and Chairman of the Board of The Bear Stearns Companies Inc. from 2001 to 2008.

20. Paragraph 20 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20, except Deloitte admits on information and belief that Warren J. Spector ("Spector") was Co-President and Co-Chief Operating Officer of The Bear Stearns Companies Inc. from 2001 until August 2007; and that Spector was an employee of The Bear Stearns Companies Inc. with the title Senior Managing Director until December 28, 2007.

21. Paragraph 21 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21, except Deloitte denies that it or other defendants made any misleading statements.

22. Deloitte denies the allegations set forth in Paragraph 22 of the Complaint, except Deloitte admits that it is a Delaware limited liability partnership; that it acted as independent registered public accounting firm for The Bear Stearns Companies Inc. and subsidiaries; that it provided audit and certain other professional services to The Bear Stearns Companies Inc. and

subsidiaries; that Deloitte audited the consolidated financial statements and internal control over financial reporting of The Bear Stearns Companies Inc. and subsidiaries as of November 30, 2006 and November 30, 2007; and that The Bear Stearns Companies Inc.'s Form 10-Ks for fiscal years ended November 30, 2006 and November 30, 2007, contained Deloitte's reports for those fiscal years, with Deloitte's consent.

23.     Paragraph 23 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23, except Deloitte admits on information and belief that Sherman was Chief Executive Officer of PCM.

24.     Paragraph 24 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24.

25.     Paragraph 25 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25.

26.     Paragraph 26 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26.

27.     Paragraph 27 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27.

28.     Paragraph 28 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 28, except Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 28.

29.     Paragraph 29 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29.

30.     Paragraph 30 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30, except Deloitte admits that PCM is listed as a Beneficial Owner of The Bear Stearns Companies Inc. common stock in The Bear Stearns Companies Inc.'s Schedule 14As filed on March 27, 2007, March 10, 2006, March 7, 2005, and February 27, 2004, and refers to those filings for their contents.

31.     Paragraph 31 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31.

32.     Paragraph 32 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32, and Deloitte refers to <u>Fortune</u> and <u>The Wall Street Journal</u> for their contents.

33.     Paragraph 33 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33.

34.     Deloitte denies the allegations set forth in Paragraph 34 of the Complaint as to itself and lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 as to others.

35.     Paragraph 35 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 35, except Deloitte lacks knowledge or information sufficient to form a belief as to any "view" or "evaluation" by Sherman.

36.     Paragraph 36 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36.

37.     Deloitte denies the allegations set forth in Paragraph 37 of the Complaint as to itself and lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 as to others.

38.     Paragraph 38 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 38, except Deloitte admits that The Bear Stearns Companies Inc. at times reported "Mortgages, mortgage- and asset-backed" and "Derivative financial instruments" as financial instruments owned in its SEC filings, and refers to those filings for their contents.

39.     Paragraph 39 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 39, except Deloitte admits that The Bear Stearns Companies Inc. reported "Mortgages, mortgage- and asset-backed" and "Derivative financial instruments" as "Financial Instruments Owned" in its Form 10-K for fiscal year ended November 30, 2004, and refers to that filing for its contents.

40.     Paragraph 40 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 40, except Deloitte admits that The Bear Stearns Companies Inc. reported "Mortgages, mortgage- and asset-backed" and "Derivative financial instruments" as "Financial Instruments Owned" in its Form 10-K for fiscal year ended November 30, 2005, and refers to that filing for its contents.

41.     Paragraph 41 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte admits that The Bear Stearns Companies Inc. reported "Mortgages, mortgage- and asset-backed" and "Derivative financial instruments" as "Financial Instruments Owned" in its Form 10-K for fiscal year ended November 30, 2006, and refers to that filing for its contents.

42.     Paragraph 42 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte admits that The Bear Stearns Companies Inc. reported "Mortgages, mortgage- and asset-backed" and "Derivative financial instruments" as "Financial Instruments Owned, at Fair Value" in its Form 10-K for fiscal year ended November 30, 2007, and refers to that filing for its contents.

43.     Paragraph 43 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 43.

44.     Paragraph 44 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 44.

45.     Paragraph 45 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 45, except Deloitte lacks knowledge or information sufficient to form a belief as to what, if anything, Sherman considered "important".

46.     Paragraph 46 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46, except Deloitte denies the allegations set forth in the first sentence of Paragraph 46.

47.     Paragraph 47 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 47.

48.     Paragraph 48 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 48, except Deloitte lacks knowledge or information sufficient to form a belief as to any "concern[]" held by Sherman.

49.     Paragraph 49 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 49, except Deloitte lacks knowledge or information sufficient to form a belief as to what, if anything, Sherman "was focused on".

50.     Paragraph 50 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 50, except Deloitte admits that certain subsidiaries of The Bear Stearns Companies Inc. originated and serviced mortgages, including, but not limited to, subprime mortgages; underwrote mortgage-backed securities in 2006 and 2007; or established hedge funds that invested in mortgage-backed securities, including, but not limited to, securities backed by subprime mortgages.

51.     Paragraph 51 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 51, except Deloitte admits that certain subsidiaries of The Bear Stearns Companies Inc. formed and/or sold to investors mortgage-backed securities, collateralized debt obligations ("CDOs") and/or collateralized mortgage obligations ("CMOs").

52.     Paragraph 52 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 52, except Deloitte admits that The Bear Stearns Companies

Inc. reported "Mortgages, mortgage- and asset-backed" and "Derivative financial instruments" as financial instruments owned in certain SEC filings during fiscal year 2007, and refers to those filings for their contents; that public companies are required to file with the SEC financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"); and that GAAP defines fair value and establishes a framework for measuring fair value, and refers to GAAP for its contents.

53.     Paragraph 53 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 53, except Deloitte lacks knowledge or information sufficient to form a belief as to any "inquiry, analysis and understanding" by Sherman, and refers to GAAP for its contents.

54.     Deloitte denies the allegations set forth in Paragraph 54 of the Complaint, except Deloitte admits that The Bear Stearns Companies Inc. or its subsidiaries used models to estimate the value of certain financial instruments, and refers to the Company's SEC filings for their contents.

55.     Paragraph 55 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 55 of the Complaint, except Deloitte lacks knowledge or information sufficient to form a belief as to the last sentence of Paragraph 55, and refers to The Bear Stearns Companies Inc.'s 2006 annual report for its contents.

56.     Paragraph 56 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in

Paragraph 56, except Deloitte admits on information and belief that Spector was Co-President and Co-Chief Operating Officer of The Bear Stearns Companies Inc.; and that Spector gave a presentation at the Credit Suisse Financial Services Forum, on or about February 9, 2007, and refers to that presentation for its contents.

57. Paragraph 57 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57.

58. Paragraph 58 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58.

59. Paragraph 59 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59.

60. Paragraph 60 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60.

61. Paragraph 61 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 61.

62.    Paragraph 62 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 62, except Deloitte admits that the SEC Office of Inspector General ("OIG") issued a report, dated September 25, 2008, entitled "SEC's Oversight of Bear Stearns and Related Entities: The Consolidated Supervised Entity Program" (the "2008 OIG Report"), and refers to that report for its contents; and Deloitte admits on information and belief that the SEC Office of Compliance Inspections and Examinations ("OCIE") sent a memo to Jeffrey M. Farber ("Farber") dated December 2, 2005, and refers to that memo for its contents; that Farber was a Senior Managing Director of Bear, Stearns & Co. Inc., and Controller and Principal Accounting Officer of The Bear Stearns Companies Inc.; that Farber reported to Samuel L. Molinaro Jr. ("Molinaro"); and that Molinaro was Chief Financial Officer of The Bear Stearns Companies Inc.

63.    Paragraph 63 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 63, and refers to the 2008 OIG Report for its contents.

64.    Paragraph 64 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 64, and refers to the 2008 OIG Report for its contents.

65.    Paragraph 65 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 65, and refers to the 2008 OIG Report for its contents.

66.     Paragraph 66 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 66.

67.     Paragraph 67 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 67.

68.     Paragraph 68 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 68.

69.     Paragraph 69 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69, except Deloitte admits on information and belief that The Bear Stearns Companies Inc.'s share price at the close of trading on February 9, 2007, was $159.73 per share.

70.     Deloitte denies the allegations set forth in Paragraph 70 of the Complaint, except Deloitte admits that The Bear Stearns Companies Inc. filed its Form 10-K for fiscal year ended November 30, 2006, on February 13, 2007, and refers to that filing for its contents.

71.     Paragraph 71 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 71, and refers to The Bear Stearns Companies Inc.'s Form 10-K for fiscal year ended November 30, 2006 for its contents.

72.     Paragraph 72 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 72.

73.     Paragraph 73 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 73, except refers to The Bear Stearns Companies Inc.'s Form 10-K for fiscal year ended November 30, 2006 for its contents.

74.     Paragraph 74 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 74, and refers to the 2008 OIG Report for its contents.

75.     Paragraph 75 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 75, and refers to The Bear Stearns Companies Inc.'s Form 10-K for fiscal year ended November 30, 2006 for its contents.

76.     Paragraph 76 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 76, and refers to the 2008 OIG Report for its contents.

77.     Paragraph 77 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 77, except Deloitte lacks knowledge or information sufficient to form a belief as to any "practice" of Sherman.

78.     Paragraph 78 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 78, except Deloitte admits that Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd. (the "HG Master Fund") commenced operations on September 12, 2003, and that Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage Master Fund, Ltd. (the "EL Master Fund") commenced operations on August 1, 2006 (together with their respective feeder funds, the "Funds"); and that the Funds used leverage and invested in, among other things, securities backed by subprime mortgages.

79.     Paragraph 79 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 79.

80.     Paragraph 80 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 80.

81.     Paragraph 81 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 81, except Deloitte admits that the EL Master Fund experienced a negative monthly return in April 2007, and refers to the referenced announcements for their contents.

82.     Paragraph 82 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 82.

83.     Paragraph 83 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83.

84.     Paragraph 84 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84.

85.     Paragraph 85 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 85.

86.     Paragraph 86 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 86.

87.     Paragraph 87 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 87, and refers to the 2008 OIG Report for its contents.

88.     Paragraph 88 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88, except Deloitte admits on information and belief that The Bear Stearns Companies Inc.'s share price at the close of trading on July 3, 2007, was $143.89 per share.

89.     Paragraph 89 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 89, and refers to the 2008 OIG Report for its contents.

90.     Paragraph 90 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 90, except Deloitte lacks knowledge or information sufficient to form a belief as to what, if any, potential deals The Bear Stearns Companies Inc. pursued.

91.     Paragraph 91 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91.

92.     Paragraph 92 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 92, and Deloitte refers to its answers to the allegations set forth in Paragraphs 87 and 104 to 105 of the Complaint.

93.     Deloitte denies the allegations set forth in Paragraph 93 of the Complaint.

94.     Paragraph 94 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 94.

95.     Paragraph 95 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 95.

96.     Paragraph 96 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 96 of the Complaint.

97.     Paragraph 97 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte admits that The Bear Stearns Companies Inc. filed its Form 10-Q for the quarterly period ended May 31, 2007, on July 10, 2007, and refers to that filing for its contents.

98.     Paragraph 98 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte admits that Cayne signed a certification in connection with The Bear Stearns Companies Inc.'s Form 10-Q for the quarterly period ended May 31, 2007, and refers to that certification for its contents.

99.     Paragraph 99 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 99, and refers to The Bear Stearns Companies Inc.'s Form 10-Q for the quarterly period ended May 31, 2007 for its contents.

100.    Paragraph 100 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 100, and refers to the 2008 OIG Report for its contents.

101.    Paragraph 101 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 101, except Deloitte admits on information and belief that Vincent Tese ("Tese") was a director of The Bear Stearns Companies Inc.

102.    Paragraph 102 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 102.

103.    Paragraph 103 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 103.

104.    Paragraph 104 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 104, and refers to the 2008 OIG Report for its contents.

105.    Paragraph 105 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 105, and refers to the 2008 OIG Report for its contents.

106.    Paragraph 106 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 106, except Deloitte admits that The Bear Stearns Companies Inc. issued a press release on August 5, 2007, and refers to that release for its contents.

107.    Paragraph 107 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 107.

108.     Paragraph 108 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 108.

109.     Paragraph 109 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 109.

110.     Paragraph 110 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte admits that The Bear Stearns Companies Inc. issued a press release on August 3, 2007, and refers to that release for its contents.

111.     Paragraph 111 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 111.

112.     Paragraph 112 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 112, except Deloitte admits that The Bear Stearns Companies Inc. held an investor meeting on October 4, 2007, and refers to the transcript of that meeting for its contents.

113.     Paragraph 113 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set

forth in Paragraph 113, except Deloitte admits that The Bear Stearns Companies Inc. held an investor meeting on October 4, 2007, in which Cayne, Alan D. Schwartz ("Schwartz") and Molinaro participated, and refers to the transcript of that meeting for its contents.

114.  Paragraph 114 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 114, except Deloitte admits that The Bear Stearns Companies Inc. held an investor meeting on October 4, 2007, in which Molinaro participated, and refers to the transcript of that meeting for its contents.

115.  Paragraph 115 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 115.

116.  Paragraph 116 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 116, except Deloitte admits that The Bear Stearns Companies Inc. held an investor meeting on October 4, 2007, in which Molinaro participated, and refers to the transcript of that meeting for its contents.

117.  Paragraph 117 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 117.

118.  Paragraph 118 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 118.

119.    Paragraph 119 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 119.

120.    Paragraph 120 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 120.

121.    Paragraph 121 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 121.

122.    Paragraph 122 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 122.

123.    Paragraph 123 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 123.

124.    Paragraph 124 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 124.

125.    Paragraph 125 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response

is required, Deloitte denies the allegations set forth in Paragraph 125 of the Complaint, except Deloitte admits on information and belief that The Bear Stearns Companies Inc.'s share price at the close of trading on October 4, 2007, was $127.61 per share.

126.     Paragraph 126 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 126.

127.     Paragraph 127 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte admits that The Bear Stearns Companies Inc. filed its Form 10-Q for the quarterly period ended August 31, 2007, on October 10, 2007, and refers to that filing for its contents.

128.     Paragraph 128 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte admits that Cayne signed a certification in connection with The Bear Stearns Companies Inc.'s Form 10-Q for the quarterly period ended August 31, 2007, and refers to that certification for its contents.

129.     Paragraph 129 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 129, and refers to The Bear Stearns Companies Inc.'s Form 10-Q for the quarterly period ended August 31, 2007 for its contents.

130.     Paragraph 130 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 130, and refers to the 2008 OIG Report for its contents.

131.     Paragraph 131 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 131, and refers to The Bear Stearns Companies Inc.'s Form 10-Q for the quarterly period ended August 31, 2007 for its contents.

132.     Paragraph 132 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 132, except Deloitte lacks knowledge or information sufficient to form a belief as to any "practice" of Sherman.

133.     Paragraph 133 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte admits that The Bear Stearns Companies Inc. filed its Form 10-K for fiscal year ended November 30, 2007, on January 29, 2008, and refers to that filing for its contents; and that Schwartz and Molinaro signed certifications in connection with The Bear Stearns Companies Inc.'s Form 10-K for fiscal year ended November 30, 2007, and refers to those certifications for their contents.

134.     Paragraph 134 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 134, and refers to The Bear Stearns Companies Inc.'s Form 10-K for fiscal year ended November 30, 2007 for its contents.

135.     Paragraph 135 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 135, and refers to the 2008 OIG Report for its contents.

136.     Paragraph 136 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 136, and refers to the SEC filings of The Bear Stearns Companies Inc. for their contents.

137.     Paragraph 137 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 137, and refers to The Bear Stearns Companies Inc.'s Form 10-K for fiscal year ended November 30, 2007 for its contents.

138.     Paragraph 138 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 138.

139.     Paragraph 139 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 139, except Deloitte admits that The Bear Stearns Companies Inc. entered into repurchase agreements and used as collateral certain financial instruments owned.

140.     Paragraph 140 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 140, except Deloitte admits that a mark dispute, in the context of a repo agreement, can occur when the borrower and the lender disagree over the value of the collateral; and that a repo lender generally can, in such circumstances and in such manner as set forth in the repo agreement, require certain things, including additional collateral.

141.     Paragraph 141 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 141, and refers to the 2008 OIG Report for its contents.

142.     Paragraph 142 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 142.

143.     Paragraph 143 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 143.

144.     Paragraph 144 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 144, and refers to the SEC filings of The Bear Stearns Companies Inc. and the 2008 OIG Report for their contents.

145.     Paragraph 145 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 145, except Deloitte admits that The Bear Stearns Companies Inc. reported "Mortgages, mortgage- and asset-backed" and "Derivative financial instruments" as "Financial Instruments Owned, at Fair Value" in its Form 10-K for fiscal year ended November 30, 2007, and refers to that filing for its contents.

146.     Paragraph 146 of the Complaint states legal conclusions and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte denies the

allegations set forth in Paragraph 146, except Deloitte lacks knowledge or information sufficient to form a belief as to any "practice" of Sherman.

147.    Deloitte denies the allegations set forth in Paragraph 147 of the Complaint, except Deloitte admits that The Bear Stearns Companies Inc.'s Form 10-K for fiscal year ended November 30, 2007 contained Deloitte's auditors' report for that fiscal year, and refers to that document for its contents.

148.    Deloitte denies the allegations set forth in Paragraph 148 of the Complaint, except Deloitte admits that The Bear Stearns Companies Inc.'s Form 10-K for fiscal year ended November 30, 2006, contained Deloitte's auditors' report for that fiscal year and The Bear Stearns Companies Inc.'s Form 10-Qs for the quarterly periods ended February 28, 2007, May 31, 2007 and August 31, 2007 contained Deloitte's reports on a review of interim financial information for those quarters, and refers to those documents for their contents.

149.    Paragraph 149 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 149.

150.    Paragraph 150 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 150 of the Complaint.

151.    Paragraph 151 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 151, except Deloitte lacks knowledge or information sufficient to form a belief as to any "practice" of Sherman.

152.     Deloitte denies the allegations set forth in Paragraph 152 of the Complaint, except Deloitte admits that Molinaro gave a presentation at the Credit Suisse Financial Services Forum, on or about February 8, 2008, and refers to that presentation for its contents.

153.     Paragraph 153 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 153, except Deloitte admits on information and belief that The Bear Stearns Companies Inc.'s share price at the close of trading on February 8, 2008, was $80.67 per share.

154.     Paragraph 154 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 154, except Deloitte admits that The Bear Stearns Companies Inc. issued a press release on March 10, 2008, and refers to that press release for its contents.

155.     Paragraph 155 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 155.

156.     Deloitte denies the allegations set forth in Paragraph 156 of the Complaint, except Deloitte admits on information and belief that JPMorgan agreed to purchase The Bear Stearns Companies Inc. for approximately $2 per share.

157.     Deloitte denies the allegations set forth in Paragraph 157 of the Complaint.

158.     Paragraph 158 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte

lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 158.

159. Paragraph 159 of the Complaint states legal conclusions and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 159.

160. Paragraph 160 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 160, except Deloitte admits on information and belief that Cayne was at times Chief Executive Officer of The Bear Stearns Companies Inc. and Chairman of the Board and a director of The Bear Stearns Companies Inc; and that Spector was at times Co-President and Co-Chief Operating Officer of The Bear Stearns Companies Inc. and a director of The Bear Stearns Companies Inc.

161. Paragraph 161 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 161, except Deloitte admits on information and belief that Cayne was at times Chief Executive Officer of The Bear Stearns Companies Inc. and Chairman of the Board of The Bear Stearns Companies Inc.; and Deloitte admits that Cayne signed certifications in connection with SEC filings of The Bear Stearns Companies Inc., and refers to those certifications for their contents. Deloitte refers to the Sarbanes-Oxley Act of 2002 for its contents.

162. Paragraph 162 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 162, except Deloitte admits that Cayne signed

certifications in connection with The Bear Stearns Companies Inc.'s Form 10-K for fiscal year ended November 30, 2006 and Form 10-Qs for the quarterly periods ended February 28, 2007, May 31, 2007 and August 31, 2007, and refers to those certifications for their contents.

163. Paragraph 163 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 163, except Deloitte admits that Cayne signed certifications in connection with The Bear Stearns Companies Inc.'s Form 10-K for fiscal year ended November 30, 2006 and Form 10-Qs for the quarterly periods ended February 28, 2007, May 31, 2007 and August 31, 2007, and refers to those certifications for their contents.

164. Paragraph 164 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 164.

165. Paragraph 165 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 165, and refers to the 2008 OIG Report for its contents.

166. Paragraph 166 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 166, and refers to the 2008 OIG Report for its contents.

167. Paragraph 167 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 167.

168.     Paragraph 168 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 168.

169.     Paragraph 169 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 169.

170.     Paragraph 170 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 170.

171.     Paragraph 171 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 171, and refers to any Form 4s filed by Cayne for their contents.

172.     Deloitte denies the allegations set forth in Paragraph 172 of the Complaint, and refers to any Form 4s filed by Cayne for their contents.

173.     Paragraph 173 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 173.

174.     Paragraph 174 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 174, except Deloitte admits on information and belief that Spector was at times Co-President and Co-Chief Operating Officer of

The Bear Stearns Companies Inc., and that Spector signed The Bear Stearns Companies Inc.'s Form 10-K for fiscal year ended November 30, 2006, and refers to that filing for its contents.

175.    Paragraph 175 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 175, except Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 175.

176.    Paragraph 176 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 176, and refers to the 2008 OIG Report for its contents.

177.    Paragraph 177 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 177, and refers to the 2008 OIG Report for its contents.

178.    Paragraph 178 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 178.

179.    Paragraph 179 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 179.

180.     Paragraph 180 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 180.

181.     Paragraph 181 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 181.

182.     Paragraph 182 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 182, and refers to any Form 4s filed by Spector for their contents.

183.     Paragraph 183 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 183, and refers to any Form 4s filed by Spector for their contents.

184.     Paragraph 184 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 184.

185.     Paragraph 185 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 185.

186.     Paragraph 186 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 186.

187.    Paragraph 187 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 187, except Deloitte admits on information and belief that Farber was a Senior Managing Director of Bear, Stearns & Co. Inc., and Controller and Principal Accounting Officer of The Bear Stearns Companies Inc.; and that Cayne was engaged in the Company's risk management process, and refers to the 2008 OIG Report and the 2005 OCIE memorandum to Farber for their contents.

188.    Paragraph 188 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 188.

189.    Paragraph 189 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 189.

190.    Paragraph 190 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 190, except Deloitte admits that the PCAOB sets professional practice standards for the audit of public companies by registered public accounting firms and that the PCAOB adopted certain existing professional standards and refers to the applicable PCAOB release for its contents.

191.    Paragraph 191 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 191, except Deloitte admits that at all relevant times Deloitte

planned and performed its audit in accordance with professional standards, including PCAOB standards, and refers to those standards for their contents.

192.     Paragraph 192 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 192.

193.     Paragraph 193 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 193, except Deloitte admits that at all relevant times Deloitte planned and performed its audits in accordance with professional standards, and refers to GAAS for its contents.

194.     Paragraph 194 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 194, except Deloitte admits that at all relevant times Deloitte planned and performed its audits in accordance with professional standards, and refers to GAAS for its contents.

195.     Deloitte denies the allegations set forth in Paragraph 195 of the Complaint, except Deloitte admits that the CAQ published a whitepaper entitled "Measurements of Fair Value in Illiquid (Or Less Liquid) Markets", dated October 3, 2007, and refers to that document for its contents.

196.     Deloitte denies the allegations set forth in Paragraph 196 of the Complaint, except Deloitte admits that Deloitte planned and performed its audit in accordance with professional standards, and refers to GAAS for its contents.

197.     Paragraph 197 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 197, and refers to the 2008 OIG Report for its contents.

198.     Paragraph 198 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 198.

199.     Paragraph 199 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 199.

200.     Paragraph 200 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 200.

201.     Paragraph 201 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 201.

202.     Deloitte denies the allegations set forth in Paragraph 202 of the Complaint.

203.     Paragraph 203 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 203.

204.     Paragraph 204 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 204.

205.     Paragraph 205 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 205, except Deloitte admits that The Bear Stearns Companies Inc. filed a Form 8-K on June 26, 2007, which attached a press release issued by The Bear Stearns Companies Inc. on June 22, 2007, and refers to that filing for its contents.

206.     Paragraph 206 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 206.

207.     Paragraph 207 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 207, except Deloitte admits on information and belief that The Bear Stearns Companies Inc.'s share price at the close of trading on June 21, 2007, was $145.81 per share; and that The Bear Stearns Companies Inc.'s share price at the close of trading on June 25, 2007, was $139.10 per share.

208.     Paragraph 208 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 208.

209.     Paragraph 209 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 209, except Deloitte admits on information and belief that in July of 2007, letters were sent to investors concerning the Funds, and refers to those letters for their contents.

210.    Paragraph 210 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 210.

211.    Paragraph 211 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 211, except Deloitte admits on information and belief that The Bear Stearns Companies Inc.'s share price at the close of trading on July 17, 2007, was $139.91 per share; and that The Bear Stearns Companies Inc.'s share price at the close of trading on August 3, 2007, was $108.35 per share.

212.    Paragraph 212 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 212.

213.    Paragraph 213 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 213, except Deloitte admits that The Bear Stearns Companies Inc. filed an 8-K on September 20, 2007, which attached a press release issued by The Bear Stearns Companies Inc. on September 20, 2007, and refers to that filing for its contents.

214.    Paragraph 214 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 214.

215.    Paragraph 215 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response

is required, Deloitte denies the allegations set forth in Paragraph 215, except Deloitte admits on information and belief that The Bear Stearns Companies Inc.'s share price at the close of trading on September 19, 2007, was $115.64 per share; and that The Bear Stearns Companies Inc.'s share price at the close of trading on September 24, 2007, was $112.99 per share.

216.     Paragraph 216 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 216.

217.     Paragraph 217 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 217, except Deloitte admits that Molinaro gave a presentation at the Merrill Lynch Banking and Financial Services Investor Conference on November 14, 2007, and refers to that presentation for its contents; and that The Bear Stearns Companies Inc. filed a Form 8-K on November 15, 2007, and refers to that filing for its contents.

218.     Paragraph 218 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 218.

219.     Paragraph 219 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 219, except Deloitte admits on information and belief that The Bear Stearns Companies Inc.'s share price at the close of trading on November 14, 2007, was $103.27 per share; and that The Bear Stearns Companies Inc.'s share price at the close of trading on November 21, 2007, was $91.28 per share.

220.     Paragraph 220 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 220.

221.     Paragraph 221 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 221, except Deloitte admits that The Bear Stearns Companies Inc. filed a Form 8-K on December 21, 2007, which attached a press release issued by The Bear Stearns Companies Inc. on December 20, 2007, and refers to that filing for its contents.

222.     Paragraph 222 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 222.

223.     Paragraph 223 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 223, except Deloitte admits on information and belief that The Bear Stearns Companies Inc.'s share price at the close of trading on December 20, 2007, was $91.42 per share; and that The Bear Stearns Companies Inc.'s share price at the close of trading on January 8, 2008, was $71.17 per share.

224.     Paragraph 224 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 224.

225.     Paragraph 225 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte

denies the allegations set forth in Paragraph 225, except Deloitte admits that The Bear Stearns Companies Inc. issued a press release on March 14, 2008, and refers to that release for its contents.

226.     Paragraph 226 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 226.

227.     Paragraph 227 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 227, except Deloitte admits on information and belief that The Bear Stearns Companies Inc.'s share price at the close of trading on March 13, 2008, was $57.00 per share; and that The Bear Stearns Companies Inc.'s share price at the close of trading on March 14, 2008, was $30.00 per share with a trading volume of approximately 187 million.

228.     Paragraph 228 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 228.

229.     Paragraph 229 of the Complaint contains no allegations as to Deloitte and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 229, except Deloitte admits that JPMorgan issued a press release on March 16, 2008, and refers to that release for its contents.

230.     Paragraph 230 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 230.

231.     Paragraph 231 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 231, except Deloitte admits on information and belief that The Bear Stearns Companies Inc.'s share price at the close of trading on March 14, 2008, was $30.00 per share; and that The Bear Stearns Companies Inc.'s share price at the close of trading on March 17, 2008, was $4.81 per share with a trading volume of approximately 167 million.

232.     Paragraph 232 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 232.

233.     Paragraph 233 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 233, except Deloitte admits that The Bear Stearns Companies Inc. stock was listed and traded on the New York Stock Exchange; that The Bear Stearns Companies Inc. filed periodic reports with the SEC; and that The Bear Stearns Companies Inc. on occasion issued press releases and participated in conference calls with investors and members of the media.

234.     Paragraph 234 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 234.

235.     Paragraph 235 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 235.

236.	Deloitte incorporates its responses to Paragraphs 1 to 235 of the Complaint as if fully set forth herein.

237.	Paragraph 237 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 237.

238.	Paragraph 238 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 238.

239.	Paragraph 239 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 239.

240.	Paragraph 240 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 240.

241.	Deloitte incorporates its responses to Paragraphs 1 to 240 of the Complaint as if fully set forth herein.  Deloitte admits that for purposes of Count II Plaintiff purports to assert only negligence claims and to disclaim any claim of fraud or intentional misconduct.

242.	Paragraph 242 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 242.

243.	Paragraph 243 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 243.

244. Paragraph 244 of the Complaint states legal conclusions and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 244.

245. Paragraph 245 of the Complaint states legal conclusions and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 245.

246. Paragraph 246 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 246.

247. Deloitte denies the allegations set forth in Paragraph 247 of the Complaint.

248. Deloitte incorporates its responses to Paragraphs 1 to 247 of the Complaint as if fully set forth herein.

249. Paragraph 249 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 249, except Deloitte lacks knowledge or information with respect to the allegations set forth in the first sentence of Paragraph 249.

250. Paragraph 250 of the Complaint contains no allegations as to Deloitte and states legal conclusions and therefore does not require a response by Deloitte. To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 250, except Deloitte lacks knowledge or information sufficient to form a belief as to whether any individual defendant is a "controlling person" within the meaning of Section 20(a) of the Exchange Act.

251.     Paragraph 251 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 251.

252.     Deloitte incorporates its responses to Paragraphs 1 to 251 of the Complaint as if fully set forth herein.

253.     Paragraph 253 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 253.

254.     Paragraph 254 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 254.

255.     Deloitte denies the allegations set forth in Paragraph 255 of the Complaint.

256.     Paragraph 256 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 256.

257.     Paragraph 257 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 257.

258.     Paragraph 258 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 258.

259.     Deloitte denies the allegations set forth in Paragraph 259 of the Complaint.

260.     Deloitte denies the allegations set forth in Paragraph 260 of the Complaint.

261.     Paragraph 261 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 261.

262.     Deloitte denies the allegations set forth in Paragraph 262 of the Complaint.

263.     Deloitte denies the allegations set forth in Paragraph 263 of the Complaint.

264.     Deloitte denies the allegations set forth in Paragraph 264 of the Complaint.

265.     Paragraph 265 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 265.

266.     Paragraph 266 of the Complaint states legal conclusions and therefore does not require a response by Deloitte.  To the extent a response is required, Deloitte denies the allegations set forth in Paragraph 266.

## GENERAL DENIALS

Except as otherwise expressly admitted in the above Paragraphs, Deloitte denies each and every allegation contained in all Paragraphs of the Complaint, including, without limitation, the Complaint's headings and subheadings and introductory paragraph, and specifically denies liability to Plaintiff, or that Plaintiff has suffered any legally cognizable damages for which Deloitte is responsible.  Pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, allegations contained in the Complaint to which no responsive pleading is required shall be deemed denied.  Deloitte expressly reserves the right to amend and/or supplement its answer.

## ANSWER TO PRAYER FOR RELIEF

Deloitte denies that Plaintiff is entitled to the relief requested, including a judgment, costs or any other relief.

## ANSWER TO DEMAND FOR JURY TRIAL

Deloitte states that this is a statement to which no response is required.

## AFFIRMATIVE AND OTHER DEFENSES

Deloitte sets forth the following affirmative and other defenses to the Complaint. In so doing, Deloitte is not assuming the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff.

## FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

## SECOND DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Deloitte is not liable because the alleged misrepresentations or omissions by Deloitte were based on good faith and in reasonable reliance upon information provided by others upon whom Deloitte was entitled to rely.

## FOURTH DEFENSE

The injuries allegedly incurred by Plaintiff resulted from intervening or superseding events outside the knowledge or control of Deloitte, including, but not limited to, the operation of natural market and/or industry forces, and such intervening or superseding events caused the harm, if any, suffered by Plaintiff, such that no act or omission by Deloitte was the direct and/or proximate cause thereof.

## FIFTH DEFENSE

A portion of or all of Plaintiff's alleged damages stem from depreciations in value of the securities owned by Plaintiff that did not result from alleged misstatements or omissions in

Deloitte's audit reports or the financial statements on which Deloitte's opinions were delivered. The damage, if any, sustained by Plaintiff was caused by factors other than the alleged misrepresentations and omissions attributed to Deloitte by the Complaint.

## SIXTH DEFENSE

The claims and alleged prayers for relief asserted against Deloitte are barred in whole or in part because Plaintiff failed to make reasonable efforts to mitigate damages.

## SEVENTH DEFENSE

Plaintiff's claims are barred by Plaintiff's knowledge of the alleged untrue statements of material fact in The Bear Stearns Companies Inc.'s Form 10-Ks or alleged omissions of material fact required to be stated therein or necessary to make the statements therein not misleading.

## EIGHTH DEFENSE

Deloitte had, after reasonable investigation, reasonable ground to believe and did believe, at the time of the filing of The Bear Stearns Companies Inc.'s Form 10-Ks, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the financial statements contained therein not misleading.

## NINTH DEFENSE

Plaintiff's claims are barred because Deloitte is not responsible in law or in fact for any alleged false or misleading statements or omissions of fact by others.

## TENTH DEFENSE

A portion or all of Plaintiff's claimed damages are not recoverable because they represent other than the depreciation in value of the security resulting from such part of The Bear Stearns Companies Inc.'s SEC filings, with respect to which Deloitte's liability is asserted, not

being true or omitting to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## ELEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part because of the lack of transaction causation and/or loss causation.

## TWELFTH DEFENSE

Deloitte is not liable because at all times, and with respect to each statement alleged in the Complaint to be false or misleading, Deloitte acted in good faith, exercised reasonable care and had no knowledge that such statement was false or misleading.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff did not, in reliance upon any statement alleged in the Complaint to be false or misleading, purchase or sell a security at a price which was affected by such statement.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff knew or had reason to know that the statements or omissions alleged in the Complaint to be false or misleading were false or misleading.

## FIFTEENTH DEFENSE

While Deloitte denies any wrongdoing or fault of any kind whatsoever, or that Plaintiff incurred any damages or losses as a result of any conduct by Deloitte, in the event that Deloitte is found liable for any of the damages asserted, Deloitte is entitled to have its liability diminished in proportion to the damage attributable to the culpable conduct of persons or entities other than Deloitte, including, but not limited to, the maximum reduction available under N.Y. Gen. Oblig. L. § 15-108.

## SIXTEENTH DEFENSE

Plaintiff's claims are preempted by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), Pub. L. No. 105-353, 112 Stat. 3227 (1998).

## SEVENTEENTH DEFENSE

Plaintiff's claims are preempted by the National Securities Markets Improvement Act of 1996 ("NSMIA"), Pub. L. No. 104-290, 110 Stat. 3416 (1996).

## EIGHTEENTH DEFENSE

Plaintiff lacks standing to assert the claims alleged in the Complaint.

## NINETEENTH DEFENSE

Plaintiff's claims, to the extent they are based on his allegedly having been induced to hold or not to sell The Bear Stearns Companies Inc. stock, are barred as a matter of law.

## TWENTIETH DEFENSE

Deloitte hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any of the other defendants in this action to the extent that Deloitte may share in such a defense.

## TWENTY-FIRST DEFENSE

Deloitte reserves the right to assert additional affirmative defenses at such time and to such extent as is warranted by discovery and the factual developments in this case.

WHEREFORE, Deloitte & Touche LLP respectfully requests the following:

1. That Plaintiff takes nothing by his Complaint;

2. That judgment be entered in favor of Deloitte and against Plaintiff and that the suit be dismissed with prejudice as against Deloitte;

3. That Deloitte be awarded its costs of suit and attorneys fees; and

4. Any additional relief as this Court deems just and proper.

March 28, 2011

CRAVATH, SWAINE & MOORE LLP,

by

_____
Thomas G. Rafferty
Antony L. Ryan
Rachel G. Skaistis
Members of the Firm

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
trafferty@cravath.com
aryan@cravath.com
rskaistis@cravath.com

*Attorneys for Defendant Deloitte & Touche LLP*