UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE THE BEAR STEARNS COMPANIES, INC. SECURITIES, DERIVATIVE, AND ERISA LITIGATION<br><br>This Document Relates To:<br>Securities Action, No. 08 Civ. 2793 (RWS) | Master File No.:<br>08 MDL 1963 (RWS)<br><br>ECF Case |
| BRUCE S. SHERMAN,<br><br>      Plaintiff,<br><br>    v.<br><br>BEAR STEARNS COMPANIES INC., JAMES CAYNE, WARREN SPECTOR AND DELOITTE & TOUCHE LLP,<br><br>      Defendants. | Index No.:<br>09 Civ. 8161 (RWS) |

**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO EXCLUDE EVIDENCE CONCERNING THE SEC'S OFFICE OF INSPECTOR GENERAL, OFFICE OF AUDITS' REPORT, "SEC OVERSIGHT OF BEAR STEARNS AND RELATED ENTITIES"**

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Brad S. Karp
John F. Baughman
Jessica S. Carey
Jonathan H. Hurwitz
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000
*Attorneys for Defendant The Bear Stearns Companies Inc.*

KRAMER LEVIN NAFTALIS & FRANKEL LLP
David S. Frankel
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100
*Attorneys for Defendant James E. Cayne*

WACHTELL, LIPTON, ROSEN & KATZ
David B. Anders
51 West 52nd Street
New York, New York 10019
(212) 403-1000
*Attorneys for Defendant Warren J. Spector*

Doc# US1 10366405v1

## TABLE OF CONTENTS

                                                                                            **Page**

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT ......................................................................................................1

ARGUMENT .................................................................................................................................2

I.      Plaintiff Has Conceded Key Points Warranting Exclusion of the Report ...........................2

II.     Plaintiff Has Not Refuted the Fundamental Untrustworthiness of the Report ...................3

         A.     Plaintiff Offers the Report to Prove Facts Far Beyond the Scope of the Document Itself ..............................................................................................3

         B.     The Court Should Reject Plaintiff's Resort to Hearsay Statements to Rewrite the Text of the Report Itself .......................................................................4

         C.     Plaintiff Cannot Demonstrate that the Anonymous Authors of the Report Have Sufficient Relevant Expertise to Make Their Work Reliable ........................6

         D.     The SEC's Internal Criticisms of the Report Speak for Themselves.......................7

III.    Plaintiff Has Failed to Rebut the Significant Reasons to Exclude the Report Under Rule 403 ............................................................................................................................8

CONCLUSION ..............................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*SEC* v. *Pentagon Capital Mgmt. PLC*,
   2010 WL 985205 (S.D.N.Y. 2010) (Sweet, J.) .......................................................................... 5

*Gentile* v. *Cnty. of Suffolk*,
   129 F.R.D. 435 (E.D.N.Y. 1990) ............................................................................................ 8

## RULES

Fed. R. Evid. 403 .................................................................................................................. 2, 4, 8, 9

Fed. R. Evid. 803 .......................................................................................................................... 2, 4

Defendants respectfully submit this reply memorandum in further support of their motion regarding the September 25, 2008 report by the Securities and Exchange Commission, Office of Inspector General, Office of Audits, titled "SEC's Oversight of Bear Stearns and Related Entities: The Consolidated Supervised Entity Program" (the "OIG Audit Report").

## PRELIMINARY STATEMENT

Defendants moved to exclude the OIG Audit Report on the grounds that the circumstances of its preparation "indicate a lack of trustworthiness." In particular, defendants noted that the report was not prepared for the purposes for which it is being offered in this proceeding, nor is there any evidence that its anonymous authors had the necessary qualifications to investigate the "factors that contributed to Bear's collapse" – one of the core disputed issues in this proceeding. In opposition, plaintiff fails to confront the significant reasons why the OIG Audit Report is untrustworthy.

First, plaintiff spends several pages arguing undisputed points: for example, there is no need to demonstrate that the OIG Audit Report is a "public record" – defendants conceded that at the outset. The point is that (regardless of its public status) the document is untrustworthy and should not be received as evidence on the points for which it is being offered.

Second, plaintiff resorts to proof by vigorous assertion to attempt to avoid fundamental reasons why the OIG Audit Report should be excluded. For example, it is obvious that the report is anonymous: it does not identify an author and it does not list the name of a single SEC staff member who participated in the work. Nevertheless, plaintiff insists that the report is not anonymous, arguing that it was "institutionally authored" by "credentialed auditors." This is just wordplay. If the report is not anonymous, then why cannot plaintiff tell us the name of the person who wrote it and identify what his or her credentials might be?

Third, plaintiff rewrites the text of the report when it does not suit his purposes. Thus he contends that the report made findings about the reasons for Bear Stearns's collapse, notwithstanding the fact that the report itself specifically said that it did not do this.

Fourth, plaintiff relies on hearsay statements of an SEC official to contradict what the OIG Audit Report actually says. This is improper.

On the established record, defendants have met their burden of demonstrating that the OIG Audit Report is insufficiently trustworthy: it should be excluded for all purposes at trial.

### ARGUMENT

In this case, a key issue is what caused Bear Stearns to nearly collapse in March 2008. The OIG Audit Report simply does not address that topic – it never purported to do so – and the document is untrustworthy for many reasons. It would be contrary to Rules 803 and 403 to permit plaintiff to use this document at trial.

**I.   Plaintiff Has Conceded Key Points Warranting Exclusion of the Report**

Plaintiff does not contest points made in defendants' opening submission. Accordingly, the Court may treat the following points as conceded:

(1) The reason the OIG Audit Report was written had nothing to do with assessing Bear Stearns's business practices. (*See* Mem. at 11.)[1] It is thus undisputed that an assessment of Bear Stearns, and its risk management, capital, liquidity, and valuation practices, was not among the objectives of the OIG Audit Report.

(2) The anonymous authors of the report made no effort to visit Bear Stearns, interview Bear Stearns managers, conduct their own assessment of the bank's risk management, or review management controls. (*Id.* at 6.)

---

[1]   References to "Mem." are to Defendants' opening memorandum. References to "Opp." are to Plaintiff's opposition memorandum.

(3) The report contains "findings that are materially in error." (*Id.* at 8.)

(4) The Office of Audits ("OOA") did not conduct a hearing before issuing the OIG Audit Report. (*Id.* at 15-16.)

(5) Bear Stearns was never given any opportunity to comment on or contest any of the statements or findings in the OIG Audit Report. (*Id.* at 6, 16.)

All of these are strong factors that undercut the reliability of the report.

## II. Plaintiff Has Not Refuted the Fundamental Untrustworthiness of the Report

Where plaintiff has attempted to defend the OIG Audit Report, he has failed.

### A. Plaintiff Offers the Report to Prove Facts Far Beyond the Scope of the Document Itself

Plaintiff's opposition demonstrates why the OIG Audit Report should be excluded: Plaintiff seeks to use it in ways that even its unknown authors never intended. According to plaintiff's opposition, plaintiff will use the document "to prove Defendants' fraud," to demonstrate "the factors that contributed to Bear's collapse," and to prove "factual findings about Bear's financial and management practices." (Opp. at 1.) The Court should not permit this, as the OIG Audit Report itself disclaims any findings on these topics.

The document states specifically that it ***"did not include a determination of the cause of Bear Stearns' collapse."*** (Ex. 1 at ix n.12.)[2] Further, at no point does the report purport to make any "findings" about "Bear's financial and management practices" (it is noteworthy that plaintiff offers no such citation) and the document does not even contain the word "fraud." (*See* Ex. 1.) In short, plaintiff's mischaracterizations of the OIG Audit Report demonstrate why it should be excluded: it is "untrustworthy" on the subjects for which plaintiff offers it, and it would

---

[2] References to "Ex. __" are to exhibits attached to the Declaration of Meredith Borner in support of Defendants' Motion to Exclude the OIG Report, filed August 17, 2015.

3

be prejudicial to permit plaintiff to misuse evidence in this way. Excluding the document under both Rules 803 and 403 is warranted.

### B. The Court Should Reject Plaintiff's Resort to Hearsay Statements to Rewrite the Text of the Report Itself

Plaintiff cannot find any statement within the OIG Audit Report itself suggesting that it provided an examination of "the factors that led to [Bear Stearns's] collapse." (*See* Opp. at 3.) Instead, he relies on one sentence from Congressional testimony from the former Inspector General of the SEC, H. David Kotz. The Court should reject this "evidence." It does not demonstrate the trustworthiness of the report, and it does not provide a foundation for admitting the document into evidence.

First, the statement on which plaintiff relies comes from testimony on an entirely different issue. Mr. Kotz was testifying "on the subject of 'Assessing the Madoff Ponzi Scheme.'" (Opp. Ex. 7 at 1.) That has nothing to do with this case, Bear Stearns, or the trustworthiness of the OIG Audit Report.

Second, here is everything Mr. Kotz said about the OIG Audit Report in his testimony, all as part of background comments describing the work of his office generally:

> In September 2008, our audit unit issued a comprehensive report analyzing the Commission's oversight of the SEC's Consolidated Supervised Entity (CSE) program, which included Bear Stearns, Goldman Sachs, Morgan Stanley, Merrill Lynch and Lehman Brothers. The report provided a detailed examination of the adequacy of the Commission's monitoring of Bear Stearns, including the factors that led to its collapse. The audit identified deficiencies in the CSE program that warranted improvement and identified 26 recommendations that, if implemented, would have significantly improved the Commission's oversight of the CSE firms.

(*Id.* at 2-3.)

As this complete passage – not the single clause on which plaintiff relies – makes clear, the OIG Audit Report examined the activities of the SEC's CSE program. It never

4

independently examined the "factors that led to Bear Stearns collapse" – it considered them only as part of an examination of the SEC's own failures (failures that resulted in 26 recommendations for improved procedures). The sentence on which plaintiff relies just does not stand for the proposition he asserts.

To the extent there is any ambiguity about what Mr. Kotz's testimony means, it should be read in a way that is consistent with the text of the OIG Audit Report. It would be strange indeed if the former Inspector General of the SEC intended to describe the content of the report in a way that cannot be found in the words of the document itself. And, of course, the law generally frowns on using hearsay oral statements to contradict the terms of a writing.

Finally, we respectfully submit that plaintiff has significantly "over-read" this Court's opinion in *SEC v. Pentagon Capital Management PLC*, 2010 WL 985205 (S.D.N.Y. 2010) (Sweet, J.), and that this decision has little application here. That case concerned the issue of whether "Orders Instituting Proceedings" issued by the SEC in other matters could be admitted into evidence in that case in order to contradict the SEC's litigation position. As the decision notes, the defendants in *Pentagon Capital* were "not trying to use the settlements to establish liability against the parties who settled but to offer evidence as a shield because the SEC's findings that others were aware of, and facilitated, market timing and late trading tend to negate the Commission's allegations that the defendants in this action deceived those parties." *Id.* at *4. That issue has nothing to do with this case, and the Court did not have occasion in *Pentagon Capital* to consider the only question at issue here: trustworthiness. Indeed, in that case the issue did not even arise, presumably because it would have been awkward for the SEC – which was opposing the use of its own documents – to take the position that its prior statements were not trustworthy. In short, *Pentagon Capital* does not support admission of the OIG Audit Report in this case.

C.  **Plaintiff Cannot Demonstrate that the Anonymous Authors of the Report Have Sufficient Relevant Expertise to Make Their Work Reliable**

Defendants appreciate that a dispute about whether the authors of the OIG Audit Report are anonymous may seem a bit silly. But beneath this disagreement lurks a crucial point.

Defendants have challenged the trustworthiness of the OIG Audit Report, and made a strong showing that the office responsible for the report was qualified only to investigate matters relating to the internal workings of the SEC, not anything to do with Bear Stearns's business practices. (Mem. at 13-14.) Plaintiff's only response is to argue that the SEC hires qualified auditors and that those people have the "requisite skill and expertise." (Opp. at 11.) There simply is no basis for this assertion. If we do not know who wrote the report, how can we possibly know their qualifications?

There is a related, and equally significant, point about the SEC's purported expert, Professor Albert Kyle. Plaintiff goes on at some length about Professor Kyle's supposed credentials and what he supposedly did. That is beside the point. The fact that the OOA staff felt the need to hire an expert is compelling evidence that the staff did not itself have sufficient expertise to investigate the matters they were charged to examine.

Further, although exactly what Professor Kyle might have done is obscure, we know for certain that he was not the author of the OIG Audit Report: we know that because the report quotes him as an independent source on a variety of points. (Ex. 1 at 21 ("According to the OIG expert . . . ."); *see also, e.g., id.* at 16, 21-23, 29, 31-33.) Further, Professor Kyle's supposed

opinions have little if anything to do with supposed fraud at Bear Stearns, which is what this case is about. Whatever Professor Kyle's role, it does not make the document "trustworthy."[3]

Finally, it is significant that plaintiff must concede – as mentioned above – that the authors of the OIG Audit Report did not even bother to visit Bear Stearns, talk to a single Bear Stearns employee, or actually review Bear Stearns's business practices. Under these circumstances it would be inappropriate to conclude that the report is a reliable source on anything about what actually happened at Bear Stearns.

### D. The SEC's Internal Criticisms of the Report Speak for Themselves

Plaintiff argues that the OIG Audit Report is trustworthy because the SEC Division of Trading and Markets ("T&M") supposedly "embraced" its findings. (Opp. at 13.) This is incorrect.

Plaintiff cites the "small amount of unsubstantiated criticism" by T&M, and relies on the fact that T&M "adopted 20 of 23 recommendations addressed to it" in the OIG Audit Report. (*Id.* at 13-14) Yet a closer review reveals that, even where T&M nominally "concurred" with OOA's recommendations, T&M went on to describe the recommendations as, for example, "fundamentally flawed," "misapprehend[ing] the role of the Commission in overseeing CSEs," relying on "inaccurate" assumptions and conclusions or "incomplete information," "reflect[ing] a misunderstanding" on the part of OOA, and based on an analysis that is "incomplete or without basis." (Ex. 1 at 86-106.) Whether or not T&M formally "adopted" a number of OOA's recommendations – which is presumably the politic response to OIG reports in general – T&M

---

[3] Plaintiff makes the curious assertion – without citation – that defendants "once opposed" a deposition of Professor Kyle. (Opp. at 15.) That is false. No such thing ever happened. To our knowledge, plaintiff never sought to take Professor Kyle's deposition.

was, as evidenced above, unsparing in the "commentary" it issued in response to the OIG Audit Report.

### III. Plaintiff Has Failed to Rebut the Significant Reasons to Exclude the Report Under Rule 403

As Bear Stearns has established, the OIG Audit Report should also be excluded under Rule 403's balancing test. Plaintiff's arguments in response are meritless.

Plaintiff argues that the report should be admitted because its "probative value . . . is supported by other evidence gathered in discovery." (Opp. at 15.) Yet he points to not one piece of evidence that "supports" the report. Moreover, if plaintiff has other evidence that makes the points for which he wants to use the OIG Audit Report, then the marginal probative value of the report is diminished even further. If nothing else, it is cumulative.

Plaintiff cites *Gentile* v. *County of Suffolk* to argue that "protective measures" could adequately address the risk of undue prejudice. (Opp. at 16 (quoting *Gentile*, 129 F.R.D. 435, 461 (E.D.N.Y. 1990)).) *Gentile* in fact supports exclusion of the report. The court there *excluded* all but ten sentences of a 199-page report. *Gentile*, 129 F.R.D. at 437. And the decision plaintiff cites was the product of briefing, argument, a review of "[e]xtensive documentary evidence," and a post-trial hearing at which the court heard testimony from four witnesses, all on the specific topic of the trustworthiness of the contested document. *Id.* at 438, 442. This is exactly the type of minitrial that use of the OIG Audit Report would cause, and that is precisely what Rule 403 is designed to avoid.

Plaintiff's only response to Bear Stearns's argument that admission of the report would cause undue delay is that "the document is trustworthy, so there will be no unnecessary delay due to Sherman's use of the OIG Report." (Opp. at 16.) All at once this point manages to be *ipse dixit* and tautological, as well as beg the question. The mere existence of the parties' dispute

8

about the trustworthiness of the document – and the need for additional proceedings and potentially countervailing evidence – is what will lead to delay. Plaintiff cannot simply declare victory to avoid the need for such proceedings. Clearly, such inquiry would cause both undue delay and undue prejudice. That is why the OIG Audit Report should be excluded under Rule 403.

CONCLUSION

The Court should preclude at trial all use of or reference to the OIG Audit Report.

Dated: November 20, 2015
      New York, New York

           Respectfully Submitted,

           PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

           By: _____
                Brad S. Karp (bkarp@paulweiss.com)
                John F. Baughman (jbaughman@paulweiss.com)
                Jessica S. Carey (jcarey@paulweiss.com)
                Jonathan H. Hurwitz (jhurwitz@paulweiss.com)

           1285 Avenue of the Americas
           New York, New York 10019-6064
           (212) 373-3000
           *Attorneys for Defendant The Bear Stearns Companies Inc.*

           David S. Frankel (dfrankel@kramerlevin.com)
           KRAMER LEVIN NAFTALIS & FRANKEL LLP
           1177 Avenue of the Americas
           New York, New York 10036
           (212 715-9100)
           *Attorneys for Defendant James E. Cayne*

           David B. Anders (DBAnders@wlrk.com)
           WACHTELL, LIPTON, ROSEN & KATZ
           51 West 52nd Street
           New York, New York 10019
           (212) 403-1000
           *Attorneys for Defendant Warren J. Spector*